LOGAN & ANDREWS *v.* CAMPBELL & ALFORD.

FISH, C. J. 1. On the hearing of the petition of Campbell & Alford against Logan & Andrews for an interlocutory injunction, restraining the defendants from cutting the timber on certain designated lots of land for sawmill purposes, there was evidence submitted sufficient to establish the following facts: Mrs. Finch, being the owner of lots of land numbers 216, 217, 218, 219, and all of lot 182 except 40 acres in the northeast corner thereof, all in the 28th district of Sumter county, on January 11, 1907, conveyed the same to the British & American Mortgage Company to secure the payment of a loan made by the company to her, she taking from the company a bond for reconveyance upon the satisfaction of the loan. There was a stipulation in such security deed, which was properly recorded January 16, 1907, that the grantor should "not permit waste and especially no cutting of timber," except for fences and firewood. On November 18, 1908, Mrs. Finch, in consideration of a stated sum to be paid for each one thousand turpentine boxes to be cut, executed a lease for three years (subsequently extended for four years) from January 1, 1909, under the terms of which she sold and leased to D. B. L. Powell, "his heirs and assigns," all the timber suitable for turpentine purposes, growing on the land to which she had previously executed a security deed to the mortgage company, the lease authorizing the lessee to use such timber "for turpentine purposes, . . with all the rights and privileges of cutting, dipping, and using the trees on said land for turpentine purposes, and the construction and operation of all necessary tramroads over said land," and also to operate his turpentine distillery on the land, any buildings erected thereon by the lessee to become the property of the lessor upon the termination of the lease. The lease was properly recorded December 4, 1908. After the execution of the lease, Powell began to operate a turpentine farm on the land, and on September 18, 1909, he assigned his lease, with all rights thereunder, to Campbell & Alford, who continued to operate such farm. The mortgage company entered suit against Mrs. Finch on the

notes given by her for the loan secured by her deed to the company; and she, being unable to pay, and desiring to save further expens'' of litigation and to avoid a sheriff's sale, and in order to save something out of the land for herself, before the suit had gone to judgment entered into an agreement with Logan & Andrews, under which they paid to the mortgage company the amount due it by Mrs. Finch on the loan, taking from the mortgage company, on December 21, 1909, a conveyance of the land in question, and on December 27, 1909, executing to Mrs. Finch a bond to make her title to all of the land in question, except two lots thereof, upon the payment of a note for a stated amount given by her to them on the last-mentioned date, the bond containing the following stipulation: "This bond for titles does not include the timber on any of said land except that part of lot 218 that lies west of the home of the said Mrs. Finch." While Campbell & Alford, under the lease from Mrs. Finch to Powell, assigned to them, were carrying on their turpentine business on the land in question, Logan & Andrews, claiming under their deed from the mortgage company, and with knowledge that Campbell & Alford were operating a turpentine farm on the land, began to cut the timber on the land for sawmill purposes which was also suitable for turpentine purposes, and to the irreparable damage of Campbell & Alford. *Held*, that the judge did not err in granting an interlocutory injunction, restraining the defendants from cutting and removing any of the timber in dispute, suitable for turpentine purposes, and from in any manner interfering with plaintiffs in the use of the timber for such purposes, allowing the defendants, however, to cut and remove the dead timber.

2. The petition alleging the land to be situated in the 29th district, it was not error to allow an amendment averring that it was in the 28th district, when the allegations of the petition and the amendment, considered together, clearly showed that the land referred to in the petition was that on which the timber claimed by both the plaintiffs and the defendants was standing. Such amendment did not set out a new cause of action, and there was no effort to reform the lease so as to make the lessor a necessary party.

3. The lease was to Powell and "his assigns," and therefore was assignable.

4. While some of the affidavits put in evidence by the plaintiffs may have been subject to objection, as stating merely the opinion of the affiants that the damages to plaintiffs would be irreparable if the defendants were not restrained as prayed, yet as there was ample other evidence as to irreparable damages, the judgment granting the interlocutory injunction will not be disturbed.

> *Judgment affirmed. All the Justices concur.*

> November 18, 1910.

Injunction.    Before Judge Littlejohn.    Sumter superior court. May 16, 1910.

*Shipp & Sheppard* and *W. W. Dykes,* for plaintiffs in error.

*W. T. Lane,* contra.