Argued March 30, reversed and remanded April 27, rehearing denied July 20, 1920.

## WEST *v.* BACKUS.

(189 Pac. 645.)

**Landlord and Tenant—Lease to Lessee "and Assigns" Transferable.**

　1. Lease running to lessee "and assigns" shows an expressed consent to an assignment or subletting of contract and property, so that, in an action on claim and delivery for personal property, evidence that the lease was a nonassignable personal contract was properly rejected.

**Sales—Transfer of Personal Property Under Lease Held Bailment and not Sale.**

　2. In an action in claim and delivery for possession of personal property consisting partly of livestock delivered with land leased to defendants, statements in the lease showing agreement on termination to return stock identical or in kind with provision for replacing any killed and for loss from disease *held* to show the property was intended to remain that of lessor, under bailment and not a sale.

**Landlord and Tenant—Right of Lessor to Recover Personal Property on Breach Extends to Subtenant.**

　3. Where a lease contained covenants under which lessor could terminate the lease and retake possession of both real and personal property, the power is equally effective as against a subtenant, so that in an action to recover the personal property it was error to exclude evidence of breaches of covenants.

**Landlord and Tenant—In Landlord's Action to Recover Personal Property it was Error to Enter Nonsuit in Favor of Defendant Whose Answer Showed Possession of Property in Suit.**

　4. In an action against tenants to recover personal property after breach of lease of farm, where according to answer one defendant remained in possession of the property as the agent of another, and the answer further shows that the sheriff took such goods from such defendant and his principal, it was error to enter nonsuit in favor of such defendant.

**Landlord and Tenant—Lessor Entitled to Recover Property Received by Tenants not Specified in Lease.**

　5. Landlord, being entitled at any time to reclaim such personal property as he left on premises and which was not included in lease, was entitled to judgment therefor, in claim and delivery for this and other personalty included in lease after tenant's breach of covenants.

From Columbia: JAMES A. EAKIN, Judge.

Department 1.

This is an action in replevin. The plaintiffs and the defendants Backus entered into a written contract, on June 30, 1916, whereby plaintiffs leased to defendants their farm for a term of five years, delivering to the lessees certain livestock, consisting of cows, horses, pigs, poultry, and a considerable supply of farming and dairying implements and equipment, and also left upon the premises and under the control of the lessees certain other personal property, which is enumerated in the complaint, which pleading alleges that the lessees violated the covenants of the lease in the following particulars: They failed to pay the October rent of $300 until after it was due, and have failed and refused to pay the rent for the month of November, which was payable on November 10th; they failed and neglected to repair the fences, thereby permitting the livestock to stray away and out of their proper inclosure; they failed to harvest and cure a sufficient supply of hay and other feed to keep the livestock properly during the approaching winter of 1916–17; and they also, without the consent of and against the wishes of plaintiffs, attempted to assign the lease and deliver possession of the property, both real and personal, to the defendant Nellie K. Smith, who claims to be in possession thereof in violation of the terms of such lease. Then follows a recital of facts whereby it is sought to establish the theory that the contract was personal in its nature, and therefore not assignable. It is further alleged that, by reason of the several breaches of covenant set out, plaintiffs undertook to re-enter and take possession of the premises and personal property, and to evict the defendants, who successfully resisted such efforts, and that plaintiffs before

commencing this action, made demand upon defendants for the return of the personal property, which was refused. Upon filing the complaint, plaintiffs also filed an undertaking in claim and delivery, and with the aid of the sheriff secured possession of the property with the exception of certain specified items which the sheriff was unable to find.

The defendant Birdie O. Backus filed an answer denying that she was a party to the lease, and the other defendants answered jointly, denying the breaches of covenant, as also the connection of Birdie O. Backus with the contract. They then plead affirmatively, that prior to the commencement of the action, W. E. Backus had assigned his interest in the lease and property of the defendant J. E. Backus, whereupon the latter entered upon the sole and exclusive possession of the property and so continued until November 8, 1916, when he sublet the same to the defendant Nellie K. Smith, for a term ending December 1, 1920, upon the expressed condition that she should pay to plaintiffs the rent provided for in the written lease set out in the complaint; that for the months prior to November they had paid the rental promptly, and on November 8th the subtenant, Nellie K. Smith, had tendered to plaintiffs the sum of $300, being the rental for the month of November, but the plaintiffs refused to accept it from her, basing such refusal upon the ground that they declined to recognize the validity of the sublease. It is also averred that the subtenant, when she entered into possession of the premises, employed the defendant J. E. Backus, as her agent, to care for and conduct the farm and chattels described in the lease, and to operate the dairy business in which the property was employed. Then follows an allegation of the retaking by plaintiffs, which concludes thus:

"And thereupon said sheriff did, on the 14th day of November, 1916, pursuant to said direction, seize and take from the possession of the defendants J. E. Backus and Nellie K. Smith, all said personal property, goods and chattels, and still retains the same to the damage of the said defendants, J. E. Backus and Nellie K. Smith, in the sum of two thousand dollars."

A reply, consisting of admissions and denials, was filed, and thereafter there was a trial by court and jury, wherein the court granted a nonsuit as to the defendants J. E. Backus and Birdie O. Backus, and directed the jury to return a verdict in favor of the defendant Nellie K. Smith for a return of the property to her, or its value in the sum of $6,000, if such return could not be had, and further directed that the jury fix the amount of damages for the wrongful detention, in a sum not exceeding $50. A verdict was returned in accordance with the court's instruction, fixing the amount of damages at $25, and judgment was entered thereon, from which plaintiffs appeal.

REVERSED AND REMANDED.

For appellants there was a brief over the names of *Mr. Ralph R. Duniway, Mr. C. L. Whealdon, Mr. Glen R. Metsker* and *Mr. Frederic H. Whitfield,* with oral arguments by *Mr. Duniway* and *Mr. Whealdon.*

For respondents there was a brief over the names of *Mr. I. N. Smith, Mr. J. H. Hendrickson, Mr. John F. Logan* and *Mr. G. Clyde Fulton,* with oral arguments by *Mr. Smith* and *Mr. Hendrickson.*

BENSON, J.—Plaintiffs' numerous assignments of error are founded upon the theory that the lease was not assignable, and that they were entitled to introduce evidence to show that the contract was based

upon the special skill and reliability of the lessees, in support of their contention that the sublease was a violation thereof. It is also urged that evidence tending to establish the breach of other conditions of the lease should have been admitted to establish their right of re-entry, and to recover the personal property, and further, that it was error to grant a nonsuit as to the defendants J. E. Backus and Birdie O. Backus. The defendants insist that the lease expressly authorizes assignment thereof, and that the language of the contract makes the transfer of the personal property a sale rather than a bailment, thereby taking from plaintiffs any right in replevin, and limiting them to an action for debt.

1. Plaintiffs urge the contention that the lease in question is to be construed like the one in the case of *Meyer* v. *Livesley*, 45 Or. 487 (78 Pac. 670, 106 Am. St. Rep. 667), a case in which a hopyard was leased to be farmed upon shares, and in which it was held that the nature of the agreement disclosed that the lease was a personal contract, not assignable without the consent of the lessor. This case does not aid the plaintiffs, for the reason that in the present case the contract contains the following language:

"That the said parties of the first part, for and in consideration of the rents, covenants and agreements hereinafter mentioned, to be paid, kept and performed by the parties of the second part, do hereby lease and farm-let unto the said parties of the second part, their executors, administrators and *assigns,* for a term of five years from and after the first day of July, 1916, all the following described real property, situate in Columbia County, Oregon."

The use of the word "assigns" constitutes an express consent to the assignment or subletting of the contract and property: *Logan & Andrews* v. *Camp-*

*bell & Alford,* 135 Ga. 366 (69 S. E. 548). It follows that the evidence offered upon this point was properly excluded.

2. The trial court excluded the evidence offered by plaintiffs, tending to prove that the conditions of the lease had been violated by the original lessees, and this action is assigned as error. Defendants meet this challenge with the contention that such evidence is irrelevant, because the transfer of possession of the personal property described in the lease constituted a sale and not a bailment. An important clause in the agreement reads thus:

"The parties of the second part agree that upon the termination of this lease, they will surrender to the parties of the first part, the same number, kind and quality of cattle, calves, horses, poultry, farming implements, etc., as those received from the lessors, as above described, or in lieu thereof, property of equal value, agreeable to and to the satisfaction of the parties of the first part."

It is upon this clause that defendants rely to support their argument that there was an absolute sale of the personal property, rather than a bailment, and if that were the only portion of the lease which is involved in the solution of the problem, there could be no hesitancy in sustaining their contention, for the great weight of authority supports the doctrine that such a clause indicates a sale. Upon this point we quote from 6 C. J. 1086, as follows:

"The fundamental distinction between a sale and a bailment lies in whether an obligation exists to restore the thing delivered in the same, or in an altered form, and in whether the title passes. The transaction is a bailment if the identical thing is to be returned. If the receiver is not bound to return the identical things, but is at liberty to return something

else, as a rule the property passes, and the transaction is in effect a sale or an exchange.''

The doctrine thus declared is supported by the following authorities: *Savage* v. *Salem Mills Co.,* 48 Or. 1 (85 Pac. 69, 10 Ann. Cas. 1065); Mechem on Sales, § 21; 16 R. C. L. 710; *Marsh* v. *Richards,* 3 Hun, 550; *Bretz et al.* v. *Diehl et al.,* 117 Pa. St. 589 (11 Atl. 893, 2 Am. St. Rep. 706); *Chase* v. *Washburn,* 1 Ohio St. 244 (59 Am. Dec. 623); *Vandeymark* v. *Corbett,* 131 App. Div. 391 (115 N. Y. Supp. 911); *Norton* v. *Woodruff,* 2 Comst. (N. Y.), 153; *Lyon* v. *Lenon et al.,* 106 Ind. 567 (7 N. E. 311); *Austin* v. *Seligman* (C. C.), 18 Fed. 519. There is, however, another element in the construction of such contracts which may not be ignored, and which is as well fortified by authority as the rule above stated. It is formulated in 2 Tiffany on Landlord and Tenant, 1670, thus:

''The question involved in such cases seems to be, primarily, whether the transaction was, as regards the personal property, *intended* to be a bailment or a sale, and the fact that it was part of a transaction looking to the leasing of land might perhaps be regarded as tending to show that it was a bailment.''

In 6 C. J. 1088, it is said that:

''The substance of the agreement, and not its form or the particular expressions employed in it, is controlling, and the intention of the parties must be ascertained from the terms of their contract.''

There are certain additional provisions of the lease which may aid us in discovering the intention of the parties. Among others, we find this language:

''It is further agreed, that if any stock herein mentioned shall die or get killed or damaged through the negligence or carelessness of the parties of the second part, or their agents, the parties of the second

part will be responsible therefor and will replace any such stock with the same kind or reimburse the parties of the first part to their full value; but if any stock should die or become damaged as a result of contagious disease of any kind, all such loss is to be borne by the parties of the first part.

"In case there should be a misunderstanding between the parties hereto, as to the cause of death or injury to any of the stock, as above mentioned, the same is to be decided conclusively between the parties by the diagnosis of a competent official from the office of the state veterinary."

And still further we find this paragraph:

"It is hereby agreed that for the care of the registered heifers the parties of the second part shall receive two thirds of the offspring of said heifers. It is also agreed that none but registered Jersey sires be used during this lease."

These quotations are utterly inconsistent with the theory that the parties intended a sale, and we conclude that the personal property mentioned in the lease was clearly intended to remain the property of the lessor, subject to such replacements as might become necessary in handling the property according to the course of good husbandry.

3. The following provisions are found in the lease:

"In consideration whereof, the said parties of the second part hereby covenant and agree to and with the parties of the second part that they will occupy and conduct the premises above mentioned, during their term aforesaid, in a farmerlike manner, and that they will commit no waste or damage or cause or suffer any to be made, and that they will permit no timber to be removed from said premises, other than is necessary to be removed in maintaining the farm properly and for fuel on the place."

There is also the following agreement as to forfeiture and re-entry:

"It is mutually agreed that time is the essence of this agreement, and that should default be made in any of the covenants or agreements herein contained on the part of the parties of the second part, or should default be made in the payment of each, either, or all of the monthly payments, as above specified, as and when the same shall become due and payable; it shall be lawful for the parties of the first part, or their duly authorized agents, to re-enter the premises described, retake possession thereof, including the personal property described and remove all persons from said premises and to terminate this lease."

If then, as a matter of fact, any of the foregoing covenants were violated by the tenants, the power is therein granted to the lessor to terminate the lease and retake possession of both the real and personal property, and this power is equally effective as against the subtenant: 16 R. C. L. 1140; 2 Tiffany, Landlord & Tenant, § 194 h. It was error, therefore, to exclude evidence of breaches of covenants.

4. It was also error to render a judgment of nonsuit in favor of the defendant, J. E. Backus, since, according to the answer of the defendants, he remained in the possession of the personal property as the agent of the defendant Nellie K. Smith, and it is further alleged, that in proceedings upon claim and delivery, the sheriff did "seize and take from the possession of the defendants J. E. Backus and Nellie K. Smith, all said personal property, goods and chattels, and still retains the same to the damage of the defendants J. E. Backus and Nellie K. Smith, in the sum of two thousand dollars." This is an allegation of joint possession in the two defendants named.

5. It is also to be noted, that when the original tenants entered into possession of the premises, they

acquired possession of certain personal property which was not specified in the lease, and which, therefore, the plaintiffs were entitled to reclaim at any time, and there is no evidence in the record that such possession has ever been transferred.

The judgment of the lower court is reversed, and the cause remanded for a new trial.

REVERSED AND REMANDED.

JOHNS, HARRIS and BURNETT, JJ., concur.