### 17382.   YEOMANS *v.* BEASLEY.

1. Where the only ground of exception presented in a motion for a new trial, the overruling of which is brought to this court for review, is that the verdict is contrary to law and without evidence to support it, and where it appears that under a proper application of the law the evidence supports the verdict, the judgment of the lower court overruling the motion for a new trial and sustaining the verdict and judgment must necessarily be affirmed.

2. Where, in such a case, the plaintiff sued for an amount alleged to be due him as rent, and the verdict was for him in a certain sum, and where the evidence clearly and unequivocally authorized the inference that the amount found in the verdict was due him by the defendant, the verdict was, without doubt, supported by the evidence, and was not contrary to law, and this court, on well-settled principles, can not do otherwise than sustain the verdict and affirm the judgment overruling the motion for a new trial. This court is therefore authorized to conclude that the case was brought to this court for delay only, and is authorized to assess damages against the defendant, as prescribed in section 6213 of the Civil Code (1910). The motion of the defendant in error to award damages for bringing the case to this court for delay is granted.

DECIDED FEBRUARY 24, 1927.

---

Appeal and Error, 4 C. J. p. 852, n. 56.
Costs, 15 C. J. p. 281, n. 9.
Landlord and Tenant, 36 C. J. p. 442, n. 30.

Distraint; from city court of Reidsville—Judge Cowart.	March 8, 1926.

*H. H. Elders,* for plaintiff in error.	*H. C. Beasley,* contra.

STEPHENS, J.	Beasley sued Yeomans for $400 claimed as rent for land.	Yeomans admitted the contract sued on, but pleaded a recoupment and set-off in the sum of $303 for labor and material furnished by him in repairing a house on the rented land, and in clearing and fencing new ground thereon, and also for labor furnished in removing stumps from the land.

The defendant testified that he performed the services under a contract by which the plaintiff obligated himself to pay the defendant for the services.	The plaintiff testified that as part of the contract of rental the defendant agreed to make and pay for all repairs to the houses and fences on the place, and to clean up and put in a good state of cultivation an amount of land equal to that which the defendant stated that he had cleared, that the plaintiff consented to the defendant's erecting a fence around the land that was cleared, and paid the defendant for all of the stumps which he had removed from the land, and that he did not owe the defendant anything.

The testimony of the plaintiff clearly authorized the inference that he owed the defendant nothing, except possibly the amount claimed by the defendant, which was $32, for erecting a fence around the new ground, which the plaintiff testified that he authorized the defendant to do; but as the jury found for the defendant upon the plea in recoupment and set-off in the amount of $50, which they charged against the plaintiff's undisputed claim of $400 by rendering a verdict in the sum of $350, the verdict for the plaintiff was clearly authorized by the evidence.

Since the verdict found is excepted to in the motion for a new trial filed by the defendant, which was overruled only upon the ground that it was contrary to law and without evidence to support it, and since the testimony of the plaintiff authorizes the verdict found for the plaintiff, no error appears, and the judgment overruling the defendant's motion for a new trial must be affirmed.

Since the evidence for the plaintiff clearly and unequivocally authorized the verdict, and since it is a well-established rule of law that a verdict authorized by the evidence, under a proper application of well-settled principles of law, must be affirmed when

excepted to only upon the general grounds, it clearly appears that the bill of exceptions brought to this court is brought here for the purpose of delay only.

The judgment will not only be affirmed, but the motion of the defendant in error to award damages for delay is granted. The judgment, therefore, will be affirmed, with ten per cent. of the amount of recovery in the trial court awarded as damages for bringing the case to this court for delay only, as prescribed in section 6213 of the Civil Code (1910).

*Judgment affirmed, with damages. Jenkins, P. J., and Bell, J., concur.*