Oscar L. SUMMERLIN and Teton Freight Lines, Inc., a Wyoming Corporation, Appellants (Defendants below),

v.

ROBINSON TRANSPORTATION COMPANY, Inc., a Wyoming Corporation, Appellee (Plaintiff below).

No. 3576.

Supreme Court of Wyoming.

May 19, 1967.

F. M. Andrews, Jr., Riverton, for appellants.

Arnold B. Tschirgi, Lander, for appellee.

Before HARNSBERGER, C. J., and GRAY, McINTYRE, and PARKER, JJ.

Mr. Justice PARKER delivered the opinion of the court.

Plaintiff sued defendants to recover a balance claimed to be due in payment for a Certificate of Public Convenience and Necessity covering the operation of the Teton Freight Lines. After answer had been filed, the deposition of Oscar L. Summerlin was taken, wherein there was introduced into evidence a contract by which his brother, Charles Summerlin, and other minor stockholders in the Teton Freight Lines had transferred all of their stock in the company to Oscar L. Summerlin and made certain agreements, including one for the payment of the balance claimed in this action. Both parties filed motions for summary judgment and the court entered judgment in favor of plaintiff and against the defendants jointly from which judgment this appeal has been taken.

■ One of the three claimed errors is that plaintiff's motion for summary judgment was not filed within the time required by the Wyoming Rules of Civil Procedure. Defendants assert that they objected to the plaintiff's motion for summary judgment, it not having been served within the time required by the rules. The record does not show any such objection, as it properly should have to inform the reviewing court in the event question arose on the point. However, this is immaterial in view of the authority of the trial court to resolve a motion for summary judgment in favor of either party, even though only one has filed motion therefor. Morrow v. Diefenderfer, Wyo., 384 P.2d 601, 604.

■ The second contention of the appeal is that there was a substantial question of fact concerning the Teton Freight Lines' ever having assumed and agreed to pay the Charles Summerlin debt to plaintiff. The testimony of Oscar L. Summerlin by deposition is significant. As we interpret it, he freely admitted that *he* assumed and agreed to pay the obligation to plaintiff, conceded that the Teton Freight Lines is a close corporation of which he is the principal stockholder, although some of his relatives and his attorney also hold stock, and said that the Teton Freight Lines operates under Certificate of Public Convenience and Necessity No. 242. At one place he spoke of his having acquired the corporation and at another of the company's having acquired the permit. Although these circumstances are sufficient, there is testimony in the deposition which tends to show beyond question that the corporation is the alter ego of Oscar L. Summerlin and that he agreed to pay the obligation arising out of the acquisition of the permit, which is used now by him under the name of Teton Freight Lines, Inc. The trial court was warranted in adjudging that there was no issue of fact in this respect and that as a matter of law both Oscar L. Summerlin and the corporation were liable for payment of the obligation to plaintiff.

■ The third error charged to the trial court was that of the denial of Oscar L. Summerlin's right to set off his claim against the Robinson obligation by reason of rights which grew out of the written contract wherein Oscar received the assets of the Teton company from Charles and agreed therein to pay various listed obligations, including $2,700 to Harry Robinson. Appellants' thesis is that the last paragraph of the contract provided that Charles would indemnify and agree to hold harmless Oscar and the Teton company for any claims or obligations then existing or which might thereafter arise which had not been fully disclosed. The pleadings show, and the mentioned deposition alludes to, various other claims against Charles Summerlin and state that Charles petitioned for bankruptcy, that Oscar agreed to pay costs thereof, and that there were certain admissions and agreements between the two which appellants now contend might relate to the Robinson claim. Since by his own testimony, Oscar L. Summerlin, the alter ego of the corporation, conceded that he agreed directly with the Robinson company officials that he would assume and pay for the certificate, whatever liability he and his company may have to the plaintiff here by reason of the contract with Charles Summerlin becomes unimportant in view of his primary responsibility to pay the obligation as he agreed.

Summary judgment affirmed.