## 51171. GILBERT v. CHERRY.

EVANS, Judge.

Earl K. Cherry borrowed $7,600 from J. Carl Gilbert in order to pay off certain liens on certain property and the balance was to be paid to Cherry before Cherry became a candidate for the office of county school superintendent. Cherry gave Gilbert a note and a third loan deed on two houses under construction in Clayton County, Georgia. Gilbert did not actually pay over to Cherry the $7,600 above-mentioned, but agreed to pay off the various liens on Cherry's property. One of the liens to be paid off was a second loan deed and note. Thereafter, without the knowledge of Cherry, Gilbert had the second loan deed transferred to him, and foreclosed the third loan deed, subject to the first loan deed. He later bought the properties in for himself at the foreclosure sale; and then sold the properties to third persons.

Cherry sued Gilbert for the wrongful foreclosure, seeking judgment in four counts for fraud and deceit. Cherry contended the defendant failed to pay off the liens he was required to pay or to account for the monies he had failed to pay over to the plaintiff. Cherry further contended that Gilbert allowed Cherry, as plaintiff, to expend additional sums on the construction of said property while at the same time wilfully, falsely and fraudulently representing to Cherry that he was assisting him in getting the property in shape for sale. Cherry contended Gilbert thereby induced plaintiff to make improvements on the property, and that Gilbert, without prior knowledge of the plaintiff, did foreclose on and sell the property and bought same in for himself (Gilbert), and that Gilbert then resold the property to other

persons. Plaintiff sued for general and punitive damages.

Plaintiff had previously brought several actions against the defendant in Clayton and Fulton Counties; and a summary judgment was granted to the defendant in this case because of these so-called "pending" suits. This judgment was reversed in *Cherry v. Gilbert,* 124 Ga. App. 847, 848 (4) (186 SE2d 319) because no suit was pending between the same parties and involving the same cause of action at the time this suit was filed on January 18, 1971.

This case proceeded to trial and at the completion of plaintiff's evidence, defendant moved for directed verdict, contending there was a variance between the pleadings and the proof; and that plaintiff had failed and refused to tender back the funds he had received; and that plaintiff had previously made an election in 1967 when the original suit was filed, to proceed in contract, and once that election was made, he could not revoke the election; and further that the request for punitive damages should be stricken.

The court withheld its ruling until after defendant had presented his evidence. Thereafter, defendant's motion for directed verdict was overruled, and the case was submitted to the jury for determination. The jury returned a verdict for the plaintiff for $16,200 actual damages and $5,000 punitive damages. Defendant appeals. *Held:*

1. Examination of the original suit filed in 1967 does not disclose it to be solely an ex contractu action, but one for cancellation and damages. It did not amount to an election of remedies by plaintiff so as to bar the present action for fraud in 1971. The evidence does not support defendant's contentions. The original suit was later dismissed, and this action was filed.

2. While some discrepancies might be inferred from the conflicting evidence presented by the parties, there was shown no fatal variance between the pleadings and proof so as to bar recovery. The evidence was sufficient to authorize the jury to find the defendant, Gilbert, was not entitled to foreclose the third loan deed and that his action in doing so was fraudulent.

3. Plaintiff submitted considerable evidence which the jury considered to be fraudulent in that defendant failed to pay off items of indebtedness of plaintiff; had the liens transferred to him; charged him a usurious sum to make the loan; allowed him to complete one house without telling him he no longer owned it; and the testimony of the parties is in conflict as to the way in which the $7,600 above-mentioned was expended. As a result, there was no requirement that the plaintiff pay or tender back the funds received since defendant at all times held funds of an equal or greater amount belonging to the plaintiff, including the property. The acceleration clause may have given defendant "at his option," the right to declare the indebtedness due immediately, but affirmative action in notifying plaintiff of this election was required. Here the jury could infer such notice was not given. See *C & S Motors, Inc., v. Davidson,* 133 Ga. App. 891, 892 (212 SE2d 502).

4. No specific objection to the charge of the court on usury was made as required by Code Ann. § 70-207. See *Georgia Power Co. v. Maddox,* 113 Ga. App. 642 (1, 2) (149 SE2d 393). Consequently, no error is shown for consideration on that question. This charge was given solely to show that in an accounting between the parties, the person against whom there is charged usurious interest "is entitled to a credit for that amount." This was not an instruction that plaintiff was entitled to recover on his contract for amount of usury charged, but to show defendant had funds available to use to prevent foreclosure by the holder of the first loan deed. This was not such substantial error as to be harmful as a matter of law, requiring a reversal without specific objection to the allegedly erroneous charge, at the conclusion of such charge.

5. Plaintiff testified he never received the $935 remaining balance. The sum of $760 could be found to be usurious, and $1,710 was the amount of discount to which defendant contended he was entitled. If usury is found, all usurious interest is void. Code § 57-102; *Dillon v. McRae,* 40 Ga. 107. And the entire interest is forfeited. Code § 57-112; *Newcomb v. Niskey's Lake,* 190 Ga. 565 (1), 568 (10 SE2d 51). Thus, the jury was authorized to find

the defendant had no right to accelerate the indebtedness, having funds to pay on the first lien, in the event that lienholder had demanded payment.

6. The property having been foreclosed upon and sold, and the defendant having purchased and resold it; plaintiff was entitled to sue for fraud and deceit because of defendant's conduct in the entire transaction. The evidence showed the amount of plaintiff's funds kept and received by defendant, and the resulting loss to plaintiff as to the entire property. The evidence supports the verdict.

7. None of the remaining enumerations of error is meritorious.

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

SUBMITTED SEPTEMBER 29, 1975 — DECIDED OCTOBER 20, 1975— REHEARING DENIED NOVEMBER 4, 1975 — ■

*Preston L. Holland,* for appellant.
*Scott Walters,* for appellee.