### 53084. ANDREWS et al. v. HOLLOWAY.

Bell, Chief Judge.

This is a suit for the wrongful foreclosure of a security deed to realty. Plaintiff sought money damages from defendants as well as cancellation of the foreclosure and sale. The trial judge granted a partial summary judgment on a single issue, viz., that the foreclosure under the power of sale in the security deed was premature and the ensuing sale was void. The appeal was docketed in the Supreme Court and it transferred the case to us as a matter within our jurisdiction.

Defendants sold a tract of land to a third party, Giddens, on January 13, 1975. Giddens was given a warranty deed and he in turn re-conveyed to defendants via a deed to secure debt for the balance of the purchase price of $85,000. The security deed provided for the payment of installments of $10,000 by the grantor Giddens on January 14, 1976 and annually thereafter until paid in full. On March 14, 1975, Giddens sold the property to plaintiff. The warranty deed provided that plaintiff assumed and agreed to pay the debt of Giddens as evidenced by the security deed. In July 1975, the foreclosure proceedings were instituted and the property was sold. *Held:*

1. The motion to dismiss the appeal is denied.

2. Defendants argue that the transfer to plaintiff, to which defendants did not consent, constituted a default as they were relying on the personal credit and financial strength of Giddens alone. The security deed provides that its provisions are binding and applicable to the

"assigns" of the parties. Thus the deed was freely assignable by any party and the lack of consent is immaterial. See *Logan & Andrews v. Campbell & Alford,* 135 Ga. 366 (69 SE 548). But even if consent to assignment was required, the assignment to plaintiff would not authorize the exercise of the power of sale. By the terms of the security deed the power of sale could only be exercised for default in payment of the indebtedness when due; for failure to pay the insurance premiums; and for failure to pay the taxes on the property. Powers of sale in security deeds shall be strictly construed and enforced as written. Code Ann. § 37-607. Thus the assignment of the security deed to plaintiff ipso facto would not authorize the exercise of the power of sale by defendants.

3. At the time of foreclosure in July 1975, plaintiff was not in default, for the first installment was not due until January 1976. However, the failure to pay insurance premiums or to pay the taxes when due were defaults which also authorized the exercise of the power of sale. The plaintiff has failed to prove that the insurance premiums and all taxes had been paid. This failure requires a reversal of the grant of the partial summary judgment as the evidence does not demand a finding that the foreclosure was premature and the sale was void.

4. We will not rule on the other issue argued as the trial court has not ruled on it.

*Judgment reversed. Clark and Stolz, JJ., concur.*

ARGUED NOVEMBER 1, 1976 — DECIDED DECEMBER 1, 1976.

*Bridges & Caldwell, Richard T. Bridges, Johnnie L. Caldwell, Jr.,* for appellants.

*Katz, Paller & Land, G. Roger Land, John E. Robinson,* for appellee.