34826. CURL v. FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF GAINESVILLE et al.

PER CURIAM.

Mrs. Frankie D. Curl brought suit to set aside the foreclosure sale of her house or, in the alternative, for

damages arising from wrongful foreclosure. In *Curl v. First Fed. Sav. & Loan Assn. of Gainesville,* 241 Ga. 29 (244 SE2d 812) (1978), we held that the trial court erred in granting summary judgment to the defendants, the holder of the mortgage on Curl's home and the purchaser at the foreclosure sale. Following remand to the trial court, the case came on for trial before a jury, and the jury returned a verdict in favor of the plaintiff Curl for $500 actual damages and $500 punitive damages. Curl again appeals.

1. In the first enumeration of error, she argues that the trial court erred in overruling her motion for directed verdict. The direction of a verdict is proper only where there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict. Code Ann. § 81A-150 (a). E.g., *State Farm Mut. &c. Ins. Co. v. Snyder,* 125 Ga. App. 352 (187 SE2d 878) (1972). The evidence in this case did not demand a verdict for the appellant. Therefore, the trial court did not err in overruling her motion for a directed verdict.

2. In the second enumeration of error, Curl argues that the trial court erred in overruling her motion for new trial, in that the verdict is so small as to justify an inference of gross mistake or undue bias, as specified in Code § 105-2015.

The appellant's prayers for relief were couched in the alternative. She sought to set aside the foreclosure sale and cancel the deed under power given to the purchaser at the sale; or, in the alternative, she sought general damages for loss of credit standing, loss of community reputation, and mental pain and aggravation (Code § 105-2003), and, in the alternative, additional damages for the loss of equity in her house and punitive damages (Code § 105-2002).

Questions concerning the amount of damages to be awarded for mental pain and suffering under Code § 105-2003, and as punitive damages under Code § 105-2002, are for the enlightened conscience of the jury. *Baldwin v. Davis,* 188 Ga. 587 (8) (4 SE2d 458) (1939); *Turner v. Joiner,* 77 Ga. App. 603 (4a) (48 SE2d 907) (1948). Jurors are not bound to accept as correct opinion

evidence concerning the value of property, though uncontradicted, and by their verdict, they may fix either a lower or higher value upon the property than that stated in the opinion and estimates of the witnesses. *Hogan v. Olivera,* 141 Ga. App. 399 (233 SE2d 428) (1977). "[T]he mere fact that the evidence would authorize a larger verdict, nothing more appearing, is insufficient to authorize a reversal of the judgment based thereon." *Davis v. Camp Concrete Products Co.,* 122 Ga. App. 551, 552 (177 SE2d 798) (1970).

There is nothing in the record to justify an inference of gross mistake or undue bias on the part of the jury in reaching their verdict. Therefore, we are unable to hold that the verdict is inadequate as a matter of law. *Davis v. Camp Concrete Products Co.,* supra.

*Judgment affirmed. All the Justices concur.*

· ARGUED MAY 14, 1979 — DECIDED JUNE 20, 1979.

*John F. Doran, Jr.,* for appellant.
*Telford, Stewart & Stephens, J. Douglas Stewart, Walter W. Calhoun,* for appellees.