624 P.2d 235 (1981)
Marie T. YOUNG, Appellant (Plaintiff),
v.
Audrey A. HAWKS, a/k/a Audrey Hankins, Kerdie J. Hawks, and the unknown spouse of each such defendant, if any; Edward R. Brandt and Sharon M. Brandt; and Edward L. Ryan, Jr. and JoAnn Ryan, Appellees (Defendants).
No. 5379.
Supreme Court of Wyoming.
February 24, 1981.
*236 Donald R. Winship, Winship & Feeney, P.C., Casper, for appellant.
Hugh M. Duncan, Casper, for appellees Brandt.
Before ROSE, C.J.,[*] and McCLINTOCK, RAPER,[**] THOMAS and ROONEY, JJ.
ROSE, Chief Justice.
This case concerns an attempt by the successor in interest of a second mortgagee to accelerate and foreclose the second mortgage against the grantee of the mortgagor. We shall affirm the district court and hold: (1) absent a contractual prohibition against an assignment of the mortgage by the mortgagor, the mortgagee may not object to such an assignment; (2) under the facts of this case a late payment did not constitute a default; and (3) summary judgment was properly awarded.
The facts in this case are peculiar in that Marie T. Young, the plaintiff-appellant, claims interests in the property under both the mortgagor and the mortgagee of the second mortgage. The second mortgage was originally undertaken between the Hawkses, defendants-appellees, as mortgagors, and nonparty Citicorp Person-to-Person Financial Center as mortgagee. The Hawkses then sold the property to the Brandts, also defendants-appellees. The sale was by warranty deed dated August 17, 1977. The sale was recorded and the Brandts are still the record owners of the property. The warranty deed did not mention the second mortgage but the Brandts orally agreed to assume it.
Only a few days later the Brandts granted the Ryans, also defendants-appellees, a "contract for deed." In September of 1978 the Ryans purported to assign their interest in the property to Ms. Young. Ms. Young took possession of the property and in January of 1979 purchased the second mortgage from Citicorp. Between the time the Brandts purchased the property from the Hawkses and the time that Ms. Young purchased the second mortgage from Citicorp, the Brandts made the monthly second-mortgage payments to Citicorp without incident and by drawing checks on the account of their closely held corporation. (Ms. Young alleges that the Brandts defaulted on the February, 1979, mortgage payment. We shall discuss the facts relevant to this claim separately.)
The Brandts deny that they are obligated to ultimately convey the property to the Ryans, or to the Ryans' grantee, Ms. Young. A separate lawsuit is pending concerning that dispute. For purposes of the instant case we need only recite that the Brandts are the legal owners of the property and *237 that Ms. Young asserts an equitable interest in the property. (Actually, the relevance to this case of Ms. Young's assertion of an equitable interest in the property is questionable. However, Ms. Young's claim that she is the equitable owner of the property helps explain her actions.)
The instant case was initiated when Ms. Young filed a complaint in district court. She filed it against the Hawkses, the Brandts and the Ryans, and asked for payment in full of the second-mortgage balance from the Hawkses and for foreclosure of the second mortgage. Although the suit was directed primarily against the Hawkses, she explains that she included the Ryans and the Brandts as "statutory defendants." In actual fact, this case appears to be a contest between the Brandts and Ms. Young. These are the only parties to have submitted briefs to this court.

MUST CITICORP'S ASSIGNEE, MS. YOUNG, ACCEPT THE HAWKSES-BRANDTS ASSIGNMENT?
It is Ms. Young's contention that Citicorp had the right to call the second mortgage due in its entirety when the Hawkses sold the property to the Brandts; Ms. Young contends that she may assert whatever rights Citicorp had. We shall resolve this issue by contradicting the first half of Ms. Young's compound contention.
Our review of the case law in this area shows that the mortgagee often attempts to resolve such an issue in advance by insisting on a "due-on-sale" clause under which the loan for which the mortgage is given must be repaid in full immediately upon the sale of the property securing the mortgage. E.g., Tucker v. Pulaski Federal Savings & Loan Association, 252 Ark. 849, 481 S.W.2d 725 (1972); Mutual Federal S & L Assn. v. Wisconsin Wire Works, 58 Wis.2d 99, 205 N.W.2d 762 (1973). Often such due-on-sale clauses are enforced, e.g. the Wisconsin case just cited, but sometimes they are not, e.g., the Arkansas case just cited. We deem it significant that in the contract in dispute in this case there is an acceleration clause for failure to timely make any required payment, but no due-on-sale clause.
In Andrews v. Holloway, 140 Ga. App. 622, 231 S.E.2d 548, 549 (1976), the court said, "Powers of sale in security deeds shall be strictly construed and enforced as written." Applying this rule we must conclude that it would be improper for us to imply a due-on-sale clause, where none exists, in order to justify a foreclosure.
The Supreme Court of Oklahoma has said,
"* * * an action to accelerate and foreclose a mortgage is an equitable proceeding, and the equitable powers of the court will not be invoked to impose an extreme penalty on a mortgagor with no showing that he has violated the substance of the agreement." Continental Fed. Sav. & Loan Ass'n v. Fetter, Okl., 564 P.2d 1013, 1018 (1977).
In the absence of a due-on-sale clause, we do not see how the Hawkses-Brandts assignment was a violation of the agreement.
Other courts which have refused to enforce due-on-sale clauses or which have construed them strictly include: Tucker, supra, and Lane v. Bisceglia, 15 Ariz. App. 269, 488 P.2d 474 (1971).
In view of these authorities and the lack of a due-on-sale clause in the mortgage, we are persuaded that Ms. Young's contention that she had the right to accelerate the debt and foreclose the mortgage because of the Hawkses-Brandts transaction is erroneous.

THE ALLEGED DEFAULT CONCERNING THE FEBRUARY, 1979 PAYMENT
Ms. Young purchased the mortgage from Citicorp on January 26, 1979. The first payment after this transfer was due on February 10. However, on January 23, Citicorp had sent a statement of account concerning the February 10 payment to a post office box used by the Brandts' corporation and addressed to Audrey Hawks. On February 6, Mrs. Brandt mailed a check for the February 10 payment to Citicorp. She left town on February 14 and returned on February 19 to find two items in her mailbox. *238 One was the check which Citicorp had returned. The other was a notice from Ms. Young concerning her purchase of the mortgage. The next day Mrs. Brandt mailed a check to Ms. Young for the February 10 payment, but Ms. Young refused to accept it.
In opposing Ms. Young's motion for summary judgment, Mrs. Brandt filed an affidavit stating that she never received actual notice of Young's purchase of the mortgage until February 19. This sworn claim by Mrs. Brandt is not contradicted by Ms. Young.[1]
The Brandts argue that they were not obligated to make any payments to Ms. Young until they received notice of the assignment. In endorsing this sensible position, we need only discuss the Wyoming Uniform Consumer Credit Code. The promissory note which was assigned to Ms. Young states that it is subject to the provisions of the Uniform Consumer Credit Code. Section 40-14-337, W.S. 1977, provides:
"The debtor is authorized to pay the original lender until he receives notification of assignment of rights to payment pursuant to a consumer loan and that payment is to be made to the assignee. A notification which does not reasonably identify the rights assigned is ineffective. If requested by the debtor, the assignee must seasonably furnish reasonable proof that the assignment has been made and unless he does so the debtor may pay the original lender."
This language makes it entirely clear that the Brandts were not obligated to make payments to Ms. Young instead of to Citicorp until they received notice that Citicorp had assigned the note to Ms. Young.
We find no merit in Ms. Young's contention that the Brandts defaulted on the second mortgage.

SUMMARY JUDGMENT
Ms. Young moved for summary judgment. She asked for the amount due on the second mortgage from the Hawkses as well as some seven thousand dollars she claimed to have spent making payments on the first mortgage and making repairs on the property in order to protect her second-mortgage interest.[2] She also asked for a judgment of foreclosure.
Prior to this motion the Hawkses in a "Warrant and Stipulation" confessed judgment in favor of Ms. Young in the sum of $22,875.89. That sum was stated in the confession to represent the second-mortgage amount, costs, attorney fees and sums spent by the mortgagee protecting her interest. Thus, the thrust of Ms. Young's motion for summary judgment was to foreclose against the Brandts.
The district court's response was to award summary judgment against plaintiff-Young and in favor of all defendants.
Appellant-Young complains that it was unfair and improper for the district court on its own motion to award summary judgment in favor of the defendants-appellees. Appellant argues both that summary *239 judgment in favor of a nonmoving party is improper and that summary judgment in this case against appellant constituted unfair surprise.
This court has clearly held that a district court may resolve a motion for summary judgment in favor of either party, even though only one has filed such a motion. Summerlin v. Robinson Transportation Company, Wyo., 427 P.2d 859, 860 (1967); and Morrow v. Diefenderfer, Wyo., 384 P.2d 601, 604 (1963).[3]
Appellant argues that the summary judgment in favor of the Brandts constituted unfair surprise in that the Brandts had not pleaded as a defense that they had tendered payment. Appellant argues that the Brandts' theory of the case was a variance with her theory of the case and therefore appellant's affidavits filed in support of her own theory of the case were not designed to withstand summary judgment on the Brandts' theory.
Specifically, appellant argues:
"The Appellant submitted affidavits in support of the amounts that she claimed were due and the Brandts did not submit opposing affidavits relevant to such factual issues, but rather addressed themselves to affirmative defense theories which had not been pleaded nor which were properly before the Court."
In her complaint Ms. Young alleged that the Hawkses had refused to make the February 10, 1979 installment payment on the second mortgage. In a joint answer filed by the Hawkses and the Brandts, this claim was generally denied. Appellant does not cite Rule 8(c), W.R.C.P., but presumably had that in mind in talking about the Brandts' duty to plead an affirmative defense. That rule provides that payment must be pleaded as an affirmative defense. The rule does not tell us whether a declined offer of payment, as opposed to an actual payment, must be pleaded as an affirmative defense. Arguably, other elements of the Brandts' theory of the case might also be deemed affirmative defenses. However, appellant has not delineated or briefed as an issue whether or not the Brandts' answer to the complaint was insufficient as a matter of law to support an ultimate judgment in favor of the Brandts on their theory of the case. As discussed with citations to authority in footnote 2, supra, we need not consider issues which are not supported by proper citation of authority and cogent argument or which are not clearly defined. Rather, appellant argues that since the Brandts' theory of the case, adopted by the court in its award of summary judgment, was not pleaded, the summary judgment constituted unfair surprise.
We find this contention meritless. The Brandts' pretrial memorandum very explicitly sets out their theory of the case. The memorandum recites that it was served on the appellant on February 15, 1980. Also, a pretrial conference was held on February 15. The appellant's motion for summary judgment was not served or filed until March 6, 1980.
Appellant also argues that there were factual issues, e.g., the Brandts' claim that they did not receive actual notice of the mortgage assignment until February 19, 1979, which precluded summary judgment. Once Mrs. Brandt had filed an affidavit stating that she did not receive actual notice of the assignment until that date, it became incumbent upon Ms. Young to controvert the claim. Moore v. Kiljander, Wyo., 604 P.2d 204, 206 (1979). This she did not do.
Summary judgment is designed to pierce the formal allegations and reach the merits of the controversy when there are no material issues of fact present. Weaver v. Blue Cross-Blue Shield, Wyo., 609 P.2d 984, 986 (1980). We find no material issues of fact present.
*240 The judgment of the district court is affirmed.
NOTES
[*] Chief Justice as of January 5, 1981.
[**] Chief Justice at time of oral argument.
[1] Ms. Young mailed notices of the assignment to the Brandts' personal residence, to the address of their closely held corporation, and to an attorney who had represented the corporation on other matters. These notices were mailed on January 31 and February 2. The attorney received his notice and did not act on it because he was not representing the Brandts in that matter. The letter to the corporation was not sent to its current address and was forwarded; Mrs. Brandt found it in her mail when she returned to town on the 19th of February. We do not know what happened to the other notice.
[2] The money spent on repairs or for the first mortgage payments was not mentioned in the complaint. From appellant's brief it does not appear that she asks us to consider as a separate issue her claim for reimbursement of these expenses. At any rate, we need not consider issues which are not supported by proper citation of authority and cogent argument, Grable v. State, Wyo., 601 P.2d 1001, 1002 (1979), or which are not clearly defined, Cline v. Safeco Ins. Companies, Wyo., 614 P.2d 1335, 1337 (1980), and Rule 5.01(2), W.R.A.P. Appellant has not cited any authority for the proposition that she may recover the repair costs and first-mortgage payments, nor has she listed reimbursement of the costs as a separate issue.
[3] More recently we also stated that a district court may resolve a motion for summary judgment in favor of either side even though only one side has so moved. Wightman v. American Nat. Bank, Wyo., 591 P.2d 903, 908 (1979). However, we later vacated that opinion for different reasons and substituted a revised opinion. Wightman v. American Nat. Bank of Riverton, Wyo., 610 P.2d 1001 (1980).