38390. PROPERTY PICKUP, INC. et al. v. MORGAN et al.

GREGORY, Justice.

This appeal is from the grant of the appellees' motion to dismiss appellants' complaint below. In the complaint appellants sought in equity to have appellees' default judgment set aside. The default judgment declared certain deeds null and void and directed they be cancelled of record.

Appellants alleged the following in their complaint: the appellees filed an action on February 2, 1981 seeking to set aside a quitclaim deed and a deed to secure debt. After service of the action

on appellants, appellees' attorney assured appellants that the complaint would be dismissed upon the closing of a real estate transaction between the parties regarding the property conveyed in the deeds under attack. Relying on the assurance of appellees' attorney, appellants expended time, effort and money to complete the construction of a house located on the land in question. In spite of the assurances the attorney proceeded to take a default judgment setting the deeds aside. The effect of the deeds being set aside was to vest title to the land on which the house was constructed in appellees. In separate counts of the complaint the appellants contended that a novation and executory contract existed. They contended fraud was present in the action of appellees taken through their attorney. They contended unjust enrichment occurred because appellees then owned land on which was situated the house, constructed at appellants' expense. Relief was sought in the form of a decree setting aside the default judgment or in the alternative an injunction allowing removal by appellants of the house from appellees' land.

Appellees filed a timely motion to dismiss appellants' complaint on the grounds (1) the complaint failed to state a claim upon which relief could be granted, and (2) the appellants caused the default to occur by their own negligence thus rendering equitable relief inappropriate.

Certain affidavits were later filed by appellees which, had they been considered by the trial court, would have converted the motion to dismiss into a motion for summary judgment. It is clear from the record as a whole, despite certain contrary language in the judgment, that the trial court considered the procedure as a motion to dismiss and not as a motion for summary judgment. The affidavits were not considered. We review the judgment of dismissal in the same light. Had the trial court considered the affidavits, an issue as to timeliness of service of the motion (30 days before time fixed for the hearing, Code Ann. § 81A-156 (c)) would be raised. This issue is not present because the motion was filed and considered only as a motion to dismiss.

The familiar rule regarding motions to dismiss for failure to state a claim is that they should not be granted unless the complaint shows with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proved in support of the claim. *American Nat. Bank &c. Co. v. Davis,* 241 Ga. 333 (245 SE2d 291) (1978); *Hardy v. Gordon,* 146 Ga. App. 656 (247 SE2d 166) (1978). We recently held in *Branton v. Gulf Life Employees' Federal Credit Union,* 244 Ga. 528 (260 SE2d 905) (1979) that a complaint to set aside a default judgment alleging that an answer had not been filed because plaintiff was informed by her attorney that her former

husband was paying the debt upon which the suit was brought was not subject to dismissal.

Here appellees contend the appellants' own negligence was at least in part responsible for the default, citing *Beddingfield v. Old Nat. Bank &c. Co.,* 175 Ga. 172 (165 SE 61) (1932). However, the motion to dismiss is directed to a complaint which alleges an absence of negligence on appellants' part and charges fraud as to the appellees coupled with accident and mistake. See, *Wilkerson v. Helena Chemical Co. Southeast,* 239 Ga. 271 (236 SE2d 620) (1977); *Bigham v. Kistler,* 114 Ga. 453 (40 SE 303) (1901). It was error to dismiss the complaint.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 6, 1982.

*Travis & Davidson, Thomas A. Travis, Jr.,* for appellants.
*Zachry & Kirby, Louis J. Kirby,* for appellees.