63635. DECATUR INVESTMENTS COMPANY et al. v. McWILLIAMS et al.

BANKE, Judge.

Appellees brought this action for damages for wrongful foreclosure of a second security deed on their home. The jury returned a verdict in their favor against Decatur Investments Company and General Improvement Corporation, two corporations headed by the same individual, which shared in the distributions of the proceeds obtained in the foreclosure. This appeal attacks the verdict on general grounds. *Held:*

The evidence is in some dispute, and we must consider it in a light most favorable to the verdict. See *Mathis-Akins Concrete &c. Co. v. Tucker,* 127 Ga. App. 699 (1) (194 SE2d 604) (1972). That evidence authorized the jury to find that the appellee's monthly loan payments were made and received in an irregular fashion during the years preceding foreclosure. Mr. McWilliams testified that he had made as many as four payments at one time "to catch up." This lack of regularity was confirmed by the president of the appellant corporations, who also conceded that no notice of intention to rely

upon the exact terms of the agreement was ever communicated to the appellees prior to foreclosure. *Held:*

1. "Where parties, in the course of the execution of a contract, depart from its terms and pay or receive money under such departure, before either can recover for failure to pursue the letter of the agreement, reasonable notice must be given the other of intention to rely on the exact terms of the agreement. Until such notice, the departure is a quasi new agreement." Code § 20-116. The appellees were entitled to reasonable notice of such intention prior to acceleration of the debt and exercise of the power of sale contained in the security deed. *Byrd v. Prudential Ins. Co.,* 182 Ga. 800 (3) (187 SE 1) (1936); also see *Verner v. McLarty,* 213 Ga. 472 (99 SE2d 890) (1947). "Reasonable notice requires more than the assertion of an acceleration clause, for the other party must be given a reasonable opportunity to cure any deviations from the exact terms before foreclosure can be commenced due to defaults which were tolerated under the quasi new agreement." *Curl v. Federal Svgs. & Loan Assn.,* 241 Ga. 29, 30 (244 SE2d 812) (1978). An award of damages for wrongful foreclosure based on failure to provide such notice was approved in *Curl v. Federal Svgs. & Loan Assn.,* 243 Ga. 842 (257 SE2d 264) (1979).

2. The jury also awarded punitive damages, apparently based on evidence that the appellants acted in bad faith when they failed to make a proper distribution of the surplus after satisfaction of principal, interest, and costs connected with the sale, [see *Holland v. Sterling,* 214 Ga. 583 (105 SE2d 894) (1958), and instead retained the surplus as income. The evidence supports this portion of the verdict also.

3. "Since the evidence for the plaintiff clearly and un-equivocally authorized the verdict, and since it is a well-established rule of law that a verdict authorized by the evidence, under a proper application of well-settled principles of law, must be affirmed when excepted to only upon the general grounds, it clearly appears that [the appeal] brought to this court is brought here for the purpose of delay only." *Yeomans v. Beasley,* 36 Ga. App. 467, 468 (137 SE 131) (1926). The appellee's motion for assessment of damages pursuant to Code § 6-1801 is accordingly granted.

*Judgment affirmed with damages. McMurray, P. J., and Birdsong, J., concur.*

DECIDED APRIL 21, 1982.

*James H. Brown,* for appellants.

*Paul M. Hoffman,* for appellees.