### 71069. GREER et al. v. MEDDERS.
(336 SE2d 328)

BANKE, Chief Judge.

This is an appeal from a grant of summary judgment to the defendant, Dr. Lawrence Medders, in an action by plaintiffs James and Lisa Greer to recover damages for intentional infliction of emotional distress.

The Greers' deposition testimony would support the following evidentiary conclusions. While Mr. Greer was in the hospital recovering from surgery on his heel, his attending physician departed on a brief vacation, during which it was arranged that Dr. Medders would attend to him. Because Dr. Medders had failed to visit him for several days, Greer called his office to complain. Sometime thereafter, Dr. Medders entered Greer's room and, in an agitated manner, made the following statements in the presence of both Mrs. Greer and a hospital nurse: "Let me tell you one damn thing, don't nobody call over to my office raising hell with my secretary . . . I don't have to be in here every damn day checking on you because I check with physical therapy . . . I don't have to be your damn doctor." Mrs. Greer at this point interjected that Dr. Medders need not worry, that he would no longer be her husband's doctor, whereupon Dr. Medders stated: "If your smart ass wife would keep her mouth shut things wouldn't be so

bad." Dr. Medders then instructed the nurse to run a culture on Mr. Greer's heel, made some notes on a pad, and left the room. Following this incident, Mrs. Greer began to cry, and Mr. Greer experienced episodes of uncontrollable shaking, for which he required psychiatric treatment. Dr. Medders presented no evidence in support of his motion for summary judgment. *Held*:

For conduct which is of an outrageous or egregious nature or so terrifying or insulting as to humiliate, embarrass, or frighten the plaintiff, Georgia recognizes the tort of intentional infliction of emotional distress. See generally *Sossenko v. Michelin Tire Corp.*, 172 Ga. App. 771 (324 SE2d 593) (1984); *Ga. Power Co. v. Johnson*, 155 Ga. App. 862 (2) (274 SE2d 17) (1980); *Stephens v. Waits*, 53 Ga. App. 44 (184 SE 781) (1936); *Dunn v. Western Union Tel. Co.*, 2 Ga. App. 845 (59 SE 189) (1907). "[T]here is authority to sanction a recovery in tort where the defendant has wilfully and wantonly caused emotional upset to the plaintiff through the use of abusive or obscene language. [Cits.]" *Tuggle v. Wilson*, 248 Ga. 335, 337 (282 SE2d 110) (1981).

"[I]f the trial court is presented with a choice of inferences to be drawn from the facts, all inferences . . . must be drawn against the movant and in favor of the party opposing the motion [for summary judgment]. [Cits.]" *Jonesboro Tool & Die Corp. v. Ga. Power Co.*, 158 Ga. App. 755, 758 (282 SE2d 211) (1981). Given the fact that the alleged statements at issue in this case were made by a physician to a post-operative patient and his wife as the patient lay in a hospital bed, we cannot say as a matter of law that the statements were insufficiently abusive to support a recovery for the tort of intentional infliction of emotional distress. Accordingly, we hold that the trial court erred in awarding summary judgment in favor of Dr. Medders.

*Judgment reversed. McMurray, P. J., and Benham, J., concur.*

DECIDED OCTOBER 11, 1985.

*Charles E. Day*, for appellants.
*Weymon H. Forrester, James E. Brim III*, for appellee.