70885. KRAWAGNA et al. v. H & S LIQUOR, INC.
(338 SE2d 284)

McMURRAY, Presiding Judge.

Plaintiff H & S Liquor, Inc. brought suit against defendants in the State Court of Cobb County. It appears that defendants were indebted to plaintiff pursuant to three promissory notes and a fourth obligation which defendants assumed. The indebtedness arose follow-

ing the purchase by defendants of a liquor store which was operated by plaintiff. The purchase was made pursuant to a sales contract which contained a merger clause reading: "This contract of sale is the complete agreement between the parties . . ."

In its complaint, plaintiff alleged that defendants breached the sales contract and failed to make payments on the various obligations. Defendants answered the complaint, denying the material allegations thereof. Additionally, defendants counterclaimed, alleging they were fraudulently induced to enter the contract.

The case proceeded to trial and upon the close of all of the evidence, plaintiff moved for a directed verdict. The trial court granted plaintiff's motion and judgment was entered accordingly. Defendants appeal. *Held*:

1. Plaintiff began operating the liquor store in the fall of 1982. Plaintiff sold the store pursuant to a memorandum of sale on February 8, 1983. During the period of time in which plaintiff operated the package store it failed to acquire a valid liquor license. (A license was obtained in the name of an individual who had no interest in the business.) Relying upon this fact, defendants contend the sale of the package store was illegal and contrary to public policy. We disagree. The contract for the sale of the package store was for a legal purpose and it could have been performed in a lawful manner. The mere fact that the liquor licensing laws may have been violated was incidental to the performance of the contract. It cannot be said, therefore, that the sales contract was illegal and void. *Shannondoah, Inc. v. Smith*, 140 Ga. App. 200 (230 SE2d 351).

2. Defendants contend plaintiff was not the proper party to bring this action. In support of this contention, defendants point out that plaintiff was incorporated after plaintiff's president, Harris K. Leach, purchased the business in September 1982; and that even though plaintiff operated the business it was never formally transferred by Leach to plaintiff. This contention is without merit. The function of the real party in interest provision, OCGA § 9-11-17, " 'is simply to protect the [defendants] against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata.' 3A Moore's Fed. Prac. 17-9, ¶ 17.01 (8)." *Rigdon v. Walker Sales & Svc.*, 161 Ga. App. 459, 462 (288 SE2d 711). Thus, "[a] party is to be regarded as the real party in interest whenever a payment to him would protect the defendant from the claims of third persons." 59 AmJur2d, Parties, § 40, p. 399. Defendants purchased the package store from plaintiff pursuant to a sales contract between defendants and plaintiff. Plaintiff's subsequent claims arose only from a breach of the sales contract. Thus, a judgment in favor of plaintiff will fully protect defendants from any action upon the same claims by another.

3. Defendants contend the trial court erred in granting plaintiff's motion for a directed verdict because the evidence of fraud was conflicting. Viewing the evidence most favorably toward defendants, we think questions of fact remain as to whether defendants were induced to enter into the sales contract on account of plaintiff's allegedly fraudulent representations. See *Mercer v. Woodard*, 166 Ga. App. 119, 126 (10) (303 SE2d 475). Consequently, the trial court erred in granting plaintiff's motion for directed verdict.

4. Ordinarily, defendants' fraud claim would fail in view of the merger clause set forth in the contract. *McGuire v. Winkler*, 167 Ga. App. 104 (306 SE2d 70). Defendants contend, however, that they rescinded the contract, and therefore, they are not bound by the merger clause. See in this connection *City Dodge v. Gardner*, 232 Ga. 766 (208 SE2d 794). The trial court determined that since defendants failed to tender monies received for the sale of liquor inventory, a complete recission was not achieved. See *Legg v. Hood*, 154 Ga. 28, 29 (2) (113 SE 642). We disagree. There was no requirement that defendants tender the sums received since plaintiff held funds of a greater amount allegedly owing to defendants. *Atlanta Life Ins. Co. v. Walker*, 53 Ga. App. 80, 84 (184 SE 776); *Gilbert v. Cherry*, 136 Ga. App. 417, 419 (3) (221 SE2d 472).

5. "The question as to whether the defrauded party has waived the fraud is one mainly of intent." *Tuttle v. Stovall*, 134 Ga. 325, 329 (67 SE 806). The payments were made by defendants upon the assumption agreement after notice of rescission was given to plaintiff; and they were made only to prevent the business from being foreclosed by a third party while defendants and plaintiff attempted to iron out their differences. Compare *Woodall v. Beauchamp*, 142 Ga. App. 543 (236 SE2d 529). Thus, it cannot be said that defendants waived the fraud merely by making payments upon the obligation which they assumed. See *Chesnut v. Al Means Ford*, 113 Ga. App. 623 (149 SE2d 410).

*Judgment reversed. Banke, C. J., and Benham, J., concur.*

DECIDED NOVEMBER 13, 1985.

*R. Stacy Hylton*, for appellants.
*Theodore P. Bianco*, for appellee.