## 74215. KRAWAGNA et al. v. H & S LIQUOR, INC.
(356 SE2d 684)

Deen, Presiding Judge.

This case has been previously visited upon this court in *Krawagna v. H & S Liquor*, 176 Ga. App. 816 (338 SE2d 284) (1985). The essential facts are delineated in that opinion and will not be reit-

erated here.

Upon the reappearance of this case before the trial court, the appellee, H & S Liquor, Inc., filed a motion in limine to exclude any evidence concerning whether or not prior to the sale of the liquor store the appellee had represented to the appellants that the appellee could transfer its state liquor license to the appellants or that the appellant could use the appellee's license. The trial court granted the motion, and the present interlocutory appeal followed.

The appellants contend that the actual alleged misrepresentation, i.e., that the appellee had assured them that a state liquor license under the appellee's name had been approved and was in the mail, was one of fact and thus able to support a claim of fraudulent inducement to enter the contract. The appellants acknowledge that (1) they could not legally have operated the liquor store under a license issued to another, and (2) that had the appellee produced the promised license but the state had subsequently revoked it, then the appellants would have no viable complaint against the appellee on that basis.

If the alleged representation is taken as an assurance by the appellee that the appellants could operate under the appeellee's license, that representation quite obviously would be one of law and incapable of supporting the appellants' fraud claim. See *Davis v. Northside Realty Assoc.*, 165 Ga. App. 96 (299 SE2d 186) (1983). Even taking the alleged representation as one of fact, however, under the circumstances of this case it will not provide a basis for the appellants' claim. What the appellants essentially are complaining about is that the appellee misrepresented a fact, the truth of which would have assisted the appellants in perpetrating a fraud upon the state. For reasons of public policy, the appellants may not be allowed to profit from the appellee's reneging on the illegal scheme.

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED APRIL 9, 1987.

*R. Stacy Hylton*, for appellants.
*Tony Center*, for appellee.