### A90A0096. CLARK v. WEST et al.
(395 SE2d 884)

SOGNIER, Judge.

Luvenia Clark brought an action for wrongful foreclosure against Thomas and Mildred West, seeking to set aside the foreclosure sale as well as to recover damages for her mental pain and suffering and attorney fees. The trial court granted Clark's motion for partial summary judgment and pursuant thereto set aside the foreclosure sale and cancelled the deed under power. Approximately a month later, the trial court dismissed the remainder of Clark's action when she failed to appear for a peremptory calendar. Thereafter, Clark refiled the suit on those matters prayed for in the original suit which had not been granted in the partial summary judgment. The Wests' motion to dismiss was granted by the trial court, and Clark appeals.

Appellant contends the trial court erred by granting appellees' motion to dismiss. Although the actual grounds upon which the trial court granted appellees' motion are unclear, several possible reasons are stated in the trial court's order: (a) appellant was not entitled to relief because she had pursued her complaint in equity to satisfaction; (b) the relief appellant was seeking was in the nature of punitive damages, which are not available because the underlying action sounded only in contract; and (c) her claim for attorney fees and expenses of litigation should have been included in the original motion for summary judgment.

We note initially that the dismissal of the first action for failure to appear at a peremptory calendar was without prejudice, USCR 20 (A), and thus the refiling of appellant's suit within six months of the dismissal was proper. OCGA § 9-2-61 (a).

(a) The trial court apparently agreed with appellees' argument below, based on this court's statement in *Langley v. Stone*, 112 Ga. App. 237, 239 (2) (144 SE2d 627) (1965), that if a foreclosure is wrongful, the "injured party [may] rescind the sale and tender the amount owed on the property or affirm the sale and sue for a breach of the duty to conduct the sale fairly." The gist of appellees' argument is that an injured party must elect between an equitable action for cancellation of the foreclosure sale and a suit for damages, and pursuit of one to satisfaction results in the exclusion of the other. We agree that this principle applies if the injured party is seeking to redress only the loss of the value of the property. That is, the injured party may not *both* set aside or cancel the foreclosure *and also* recover damages for the value of the property. However, this court has

approved actions in which both cancellation and damages were sought. See *Andrews v. Holloway*, 140 Ga. App. 622 (231 SE2d 548) (1976); *Gilbert v. Cherry*, 136 Ga. App. 417 (221 SE2d 472) (1975). In those cases, cancellation was sought to recover the property, and *in addition*, damages were sought for other breaches of duty and other losses. The latter procedure applies in the case at bar, because appellant sought both cancellation of the foreclosure sale to recover the property and also damages for her mental anguish, which resulted from the intentional nature of appellees' acts, alleging that appellees clearly knew the note was not in default and they had no right to foreclose. It strains credulity to insist that the recovery of appellant's wrongfully foreclosed residence has made her whole, and we find no bar in law or in logic to a recovery of damages for her humiliation and emotional distress should evidence at trial establish the truth of the allegation in her pleadings that the foreclosure was instituted intentionally and without basis. Accordingly, we do not agree that because the foreclosure sale had been cancelled, appellant could not pursue her separate claim for damages.

(b) Nor do we agree that appellant's claim for damages for mental anguish is in the nature of punitive damages, as the trial court found. The lower court reasoned that the damages sought by appellant were those recoverable under OCGA § 51-12-5, which are "additional" damages, in that they are awarded in addition to other damages and are in the nature of "punitive" damages; but even if appellant sought those damages allowed pursuant to OCGA § 51-12-6 (where the entire injury is to the peace, happiness or feelings of the injured party), the damages alleged were "vindictive" and therefore "punitive." The trial court found that "punitive" damages would not lie here because no actual damages were recovered and because punitive damages may not be awarded in cases arising on contracts.

We do not agree with the trial court that a wrongful foreclosure action sounds only in contract. There exists a statutory duty upon a mortgagee to exercise fairly and in good faith the power of sale in a deed to secure debt. OCGA § 23-2-114. Although arising from a contractual right, breach of this duty is a tort compensable at law. See, e.g., *Curl v. First Federal Savings & Loan Assn.*, 243 Ga. 842, 843-844 (2) (257 SE2d 264) (1979) (affirmed the award of damages for mental pain and aggravation and punitive damages in an action for wrongful foreclosure); *Decatur Investments Co. v. McWilliams*, 162 Ga. App. 181, 182 (2) (290 SE2d 526) (1982) (affirmed an award of punitive damages in a wrongful foreclosure action); see also 20 EGL, Mortgages and Bonds for Title, § 69, p. 584. Thus, even if punitive damages were sought, they were awardable here.

We find, however, that as pleaded by appellant, the damages sought are those allowed in OCGA § 51-12-6. "As a general precept,

damages for mental distress are not recoverable in the absence of physical injury where the claim is premised upon ordinary negligence. [Cit.] However, when the claim is for intentional misconduct, damages for mental distress may be recovered without proof of physical injury. [Cit.]" *Hamilton v. Powell, Goldstein, Frazer & Murphy*, 252 Ga. 149, 150 (311 SE2d 818) (1984).

*East River Savings Bank v. Steele*, 169 Ga. App. 9 (311 SE2d 189) (1983), relied on by the dissent, does not control the facts sub judice. In *Steele*, the plaintiff's claim was that a negligent wrongful foreclosure was sufficiently humiliating to establish a cause of action for intentional infliction of emotional distress, whereas here appellant's cause of action is for an intentional wrongful foreclosure, and in addition to cancellation of the foreclosure, she has prayed for the recovery of damages which flow from the intentional nature of the tort. We cannot approve the dismissal of appellant's remaining claims simply by labeling them a cause of action for "intentional infliction of emotional distress," where the complaint alleges an established tort — wrongful foreclosure — and seeks damages pursuant to OCGA § 51-12-6 for mental distress as a result of its *intentional* commission. Established law in this State allows the award of damages for such a claim. See *Hamilton*, supra at 150. Accordingly, the trial court erred by dismissing appellant's claim for damages.

(c) The trial court also erred by dismissing appellant's claim for attorney fees. We find no basis for the trial court's conclusion that "these issues should have been presented to and taken up before the Court on the Motion for Partial Summary Judgment." OCGA § 9-11-56 (a) specifically authorizes a motion for summary judgment upon a "claim," rather than upon an action as a whole, and OCGA § 9-11-56 (d) provides specifically for partial summary judgment. There is no requirement that all claims pleaded be included in a motion for partial summary judgment.

Moreover, we do not agree that attorney fees sought pursuant to OCGA § 13-6-11 are not available to appellant here. She has alleged bad faith and stubborn litigiousness. If she can prove these allegations and present proper proof of the value of the attorney fees she has expended, see *First Bank of Clayton County v. Dollar*, 159 Ga. App. 815, 817-818 (4) (285 SE2d 203) (1981), we find no bar to an award pursuant to OCGA § 13-6-11. *Bowers v. Fulton County*, 227 Ga. 814, 815 (183 SE2d 347) (1971), cited by the trial court, holds that, in general, attorney fees are not required as an element of just compensation in condemnation cases and is not applicable to this case.

*Judgment reversed. McMurray, P. J., and Cooper, J., concur. Banke, P. J., and Beasley, J., concur specially. Carley, C. J., Deen, P. J., Birdsong and Pope, JJ., dissent.*

BANKE, Presiding Judge, concurring specially.

I agree with the majority that *East River Savings Bank v. Steele*, 169 Ga. App. 9 (311 SE2d 189) (1983), is distinguishable from the present case, but not on the ground that it involved a negligent rather than an intentional wrongful foreclosure. The plaintiff in that case alleged that the defendant had wrongfully attempted to foreclose on certain partnership property in which he (the plaintiff) owned an interest "and that such attempts amounted to intentional infliction of emotional distress upon [him] personally." Id. at 9. The reason this court ruled against the plaintiff in the *East River* case was not because the alleged misconduct of the defendant was merely negligent but because it was considered to be "analogous to the filing of legal pleadings." The court cited *Ga. Power Co. v. Johnson,* 155 Ga. App. 862, 863 (274 SE2d 17) (1980), for the proposition that the filing of legal pleadings cannot be considered sufficiently "humiliating, insulting, or terrifying" to support an action for intentional infliction of emotional distress. *East River Savings Bank,* supra at 10.

The defendant in *Georgia Power Co. v. Johnson,* supra, had instituted condemnation proceedings against certain property owned by the plaintiff and in so doing was alleged to have inflicted mental distress upon the plaintiff by listing as co-owners of the property various individuals who no longer owned any interest in it. That conduct was obviously not remotely comparable to the conduct at issue in the present case, i.e., the institution of wrongful foreclosure proceedings against a personal residence. While the *East River,* case, supra, did involve an alleged wrongful foreclosure attempt, it is distinguishable because the property involved there was not the plaintiff's personal residence but rather partnership property in which the plaintiff owned an interest. I believe the prospect of losing one's home, as opposed to business property in which one merely owns an interest, could, under certain circumstances, be considered sufficiently terrifying or humiliating to support an action for intentional infliction of emotional distress. Consequently, I believe that if the appellant in the present case can prove that the appellees instituted the foreclosure proceedings against her with knowledge that she was not in default on her indebtedness, and if she can further prove that she suffered emotional distress as a reasonable and natural consequence of that conduct, she would be entitled to recover damages in tort for intentional infliction of emotional distress. A motion to dismiss for failure to state a claim "should not be granted unless the complaint shows with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proved in support of the claim." *Property Pickup v. Morgan,* 249 Ga. 239, 240 (290 SE2d 52) (1982). Accordingly, I agree that the trial court erred in dismissing the appellant's complaint.

BEASLEY, Judge, concurring specially.

This case would not be such a problem if the complaint had been more clearly drafted. What plaintiff started out with in the first suit was in essence two counts. One set forth an equitable action for wrongful foreclosure, to set aside foreclosure sale, to cancel the warranty deed under power, and to restrain execution of a writ of possession. The other was for the tort of intentional infliction of emotional distress, which arose out of the wrongful foreclosure. Plaintiff alleged that the foreclosure was not only wrongful but that it was worse, in that defendants "exhibited a willful and wanton disregard for the rights of the plaintiff." The primary injury claimed in this regard was that she suffered "severe mental strain," and she sought damages "for the intentional infliction of mental pain and suffering." OCGA § 51-12-6 damages flow from this.

Plaintiff was afforded the relief sought on her first count by way of summary judgment, but while the case was still pending on the second count, it was dismissed under USCR 20 (A). As the law permits, OCGA § 9-2-61 (a), plaintiff filed again what was in effect the second count. She did not refile the whole lawsuit but asserted only the intentional infliction cause of action; she explained in the new complaint that relief had been afforded for the wrongful foreclosure, which in effect had been the first count.

In order to recognize her pleading as setting forth a cause of action, it is necessary to focus on paragraph 7 and prayer (a). It is also necessary to translate her reference to "intentional infliction of mental pain and suffering" to mean "intentional infliction of emotional distress," as it is the latter which is a tort in Georgia. See *Greer v. Medders*, 176 Ga. App. 408, 409 (336 SE2d 328) (1985), and the cases cited therein. Reading these two sections of her complaint together, we must abide by the precept that pleadings are to be construed liberally. OCGA § 9-11-8 (e) (1) and (f); *Cotton v. Federal Land Bank*, 246 Ga. 188, 191 (269 SE2d 422) (1980). She does cite a viable claim. That is, if defendants intentionally inflicted emotional distress on her by foreclosing on the home with full knowledge that she was not in default in payments or fire insurance, she would be able to recover whatever damages she could prove within the legal confines of the tort.

*East River Savings Bank v. Steele*, 169 Ga. App. 9, 10 (311 SE2d 189) (1983), viewed "allegations concerning wrongful foreclosure of partnership assets as a basis for intentional infliction of emotional distress . . . [as being] analogous to the filing of legal proceedings." It then applied *Ga. Power Co. v. Johnson*, 155 Ga. App. 862, 863 (274 SE2d 17) (1980), for its holding that preparation and filing of legal pleadings (naming certain persons as possible property co-owners in a condemnation action when plaintiff was the sole owner) could not

reasonably constitute the tort. This brought it to the holding that "[t]he alleged wrongful foreclosure was not, as a matter of law, an event so humiliating, insulting, or terrifying as to have come within the ambit of a cause of action for intentional infliction of emotional distress."

I agree with the special concurrence that the facts make this case distinguishable. What is more, it is the whole process, beginning with defendants' declaring her in default and accelerating the loan on the home which apparently her permanently disabled son occupied, that plaintiff alleges constituted emotional distress. It was not merely the preparation and filing of legal pleadings against wrong parties so as to draw in question the extent of the wronged person's title to property being condemned, as in *Ga. Power Co.*, or attempts to foreclose on business property owned by a partnership including the wronged person, as in *East River Savings Bank*.

The court granted summary judgment to defendants, but the evidence in the record did not pierce at least one element of plaintiff's claim so as to preclude her from going to trial. The law imposes a duty on persons not to intentionally inflict emotional distress on others. Breach of that duty occurs when a person's actions are "so terrifying or insulting as naturally to humiliate, embarrass or frighten the plaintiff." *Ga. Power Co.*, supra at 863. "Damages [for mental suffering] may be recovered in those cases where the plaintiff has suffered at the hands of the defendant a wanton, voluntary, or intentional wrong the natural result of which is the causation of mental suffering and wounded feelings." *Dunn v. Western Union Telegraph Co.*, 2 Ga. App. 845, 846 (3) (59 SE 189) (1907).

Defendants' motion for summary judgment was based on a notice of cancellation of a standard fire policy on the property on or about December 10, 1986. They allege that the maintenance of fire insurance violated the "mortgage agreement" and allowed foreclosure. The statement is unsworn but the security deed requiring insurance is in the record. They state in their brief in support of summary judgment that plaintiff "was in default for a short period of time until he sought other insurance," but the record in the first case shows that the new policy commenced October 1, 1984, at the end of the old policy. It is *that* insurance, not the 1986 insurance coming over two years after foreclosure, which is the basis for the action.

Default was declared and foreclosure instituted even before the old policy concluded and before the new insurance went into effect. Defendants acknowledge in a later brief that plaintiff maintained she did not allow fire insurance to lapse, that they were denied a writ of possession, and that the foreclosure was set aside and the recorded warranty deed under power of sale was cancelled.

These are the salient material facts. Defendants did not establish

that they were entitled to summary judgment under OCGA § 9-11-56. For this reason, I concur in the reversal of the judgment.

CARLEY, Chief judge, dissenting.

In my opinion, appellee-defendants' motion to dismiss was correctly granted, although not for any of the reasons that the trial court gave for doing so. Therefore, I would affirm under the principle of "right for any reason" and must respectfully dissent to the majority's reversal of what I perceive to be a correct ruling by the trial court.

I agree with the majority that, in certain circumstances, a party may seek not only cancellation of a foreclosure sale, but also appropriate damages based upon the wrongful conduct of the defendant. However, in this case, appellant seeks to recover on the basis that appellees' wrongful foreclosure was an intentional infliction of emotional distress upon her. "The law of this state recognizes the tort of intentional infliction of emotional distress. [Cits.] In order to sustain a cause of action, a plaintiff must show that 'defendant's actions were so terrifying or insulting as naturally to humiliate, embarrass or frighten the plaintiff.' [Cit.] . . . [P]reparation and filing of legal pleadings [can] not reasonably be characterized as 'humiliating, insulting, or terrifying'. . . . [Appellant's] allegations concerning wrongful foreclosure of [her property] as a basis for intentional infliction of emotional distress upon [her] personally are analogous to the filing of legal pleadings. . . . The alleged wrongful foreclosure was not, as a matter of law, an event so humiliating, insulting, or terrifying so as to have come within the ambit of a cause of action for intentional infliction of emotional distress." *East River Savings Bank v. Steele*, 169 Ga. App. 9, 10 (311 SE2d 189) (1983). It necessarily follows that, as a matter of law, appellant has no viable claim against appellees for the intentional infliction of emotional distress based upon the wrongful foreclosure and that, contrary to the majority, the trial court correctly granted appellees' motion to dismiss. Therefore, I respectfully dissent.

I am authorized to state that Presiding Judge Deen, Judge Birdsong and Judge Pope join in this dissent.

DECIDED JUNE 28, 1990 —
REHEARING DENIED JULY 17, 1990.

*James D. Burns*, for appellant.
*J. L. Jordan, Ray Gary*, for appellees.