A89A1832. LARSON v. SMITH et al.
(391 SE2d 686)

COOPER, Judge.

Appellees, former students and patients of Aneewakee, Inc., a youth treatment and educational center, brought a civil action for damages against appellant, the center, its named directors and officers, several agents and employees alleging violations of the Georgia RICO Statute. OCGA § 16-14-1 et seq. Appellant (the remaining defendants not appealing herein) filed a motion for judgment on the pleadings, or in the alternative for summary judgment, asserting that the complaint and record in the case revealed no allegations, evidence or matters of record to show that he or any other defendant had any

connection to organized crime or to any organized criminal element. The trial court denied the motion and granted appellant's petition for an interlocutory appeal to consider whether proof of a nexus with organized crime is required to recover under OCGA § 16-14-1 et seq.

OCGA § 16-14-4 (a) makes it "unlawful for any person, through a pattern of racketeering activity or proceeds derived therefrom, to acquire or maintain, directly or indirectly, any interest in or control of any enterprise, real property, or personal property of any nature, including money." OCGA § 16-14-4 (b) declares it "unlawful for any person employed by or associated with any enterprise to conduct or participate in, directly or indirectly, such enterprise through a pattern of racketeering activity." Under subsection (c), "[i]t is unlawful for any person to conspire or endeavor to violate any of the provisions of subsection (a) or (b). . . ." While the statute refers to a "pattern of racketeering activity," there is no mention of a "nexus with organized crime." In *Caldwell v. State*, 253 Ga. 400 (1) (321 SE2d 704) (1984), the Supreme Court held that the express terms of the RICO Act applied to an elective office holder seeking reelection. Also, in *Georgia v. Shearson Lehman Bros.*, 188 Ga. App. 120 (2) (372 SE2d 276) (1988), we found that to survive a motion to dismiss for failure to state a claim, it was not necessary that the complaint allege that defendants were "organized criminal elements attempting to take over the legitimate economy of the state." Thus, we disagree with appellant's contention that it is necessary to demonstrate a "nexus with organized crime" in order to prevail on a Georgia RICO claim.

The "pattern of racketeering activity" required to be shown by the Georgia statute is defined as engaging in "at least two incidents of racketeering activity that have the same or similar intents, results, accomplices, victims, or methods of commission or otherwise are interrelated by distinguishing characteristics and are not isolated incidents. . . ." OCGA § 16-14-3 (2). "The Georgia statute requires the interconnectedness not contained in the wording of its federal counterpart. Because of this difference, our legislature intended to and did, by virtue of OCGA §§ 16-14-4 (a) and 16-14-3 (2), [make] subject to the coverage of our RICO statute two crimes, included in the statute as designated predicate acts, which are part of the same scheme, without the added burden of showing that defendant would continue the conduct or had been guilty of like conduct before the incidents charged as a RICO violation. [Cit.]" (Indention omitted.) *Dover v. State*, 192 Ga. App. 429 (1) (385 SE2d 417) (1989).

Appellees' complaint alleges the requisite elements of a Georgia RICO violation. Specifically, it alleges that appellants conducted an enterprise, Aneewakee, through a pattern of racketeering activity. The requisite predicate acts for a showing of a "pattern of racketeering activity" under OCGA § 16-14-3 (2) and § 16-14-3 (3) are also set

forth in detail in the complaint. The complaint further alleges that these offenses were not committed as an occasional practice, but were a part of a systematic and ongoing pattern over a number of years concealed by a scheme of subterfuge and intimidation. The complaint also charges the defendants with criminally operating Aneewakee for pecuniary gain by fraud and misrepresentation, conversion of funds provided by the patients and the acquisition of real estate with the proceeds. We have held that "[i]t is not the intent of the General Assembly that isolated incidents of misdemeanor conduct be prosecuted under [OCGA § 16-14-4] but only an interrelated pattern of criminal activity, the motive or effect of which is to derive pecuniary gain." *Waldschmidt v. Crosa*, 177 Ga. App. 707 (2) (340 SE2d 664) (1986). This complaint alleges precisely the conduct prohibited by the Georgia statute and the trial court acted in accordance with legislative intent by denying appellant's motion for judgment on the pleadings or for summary judgment.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED MARCH 5, 1990.

*Gray, Gilliland & Gold, Lori E. Kirschner, Bouhan, Williams & Levy, M. Brice Ladson*, for appellant.

*B. Randall Blackwood, Patricia S. Edelkind*, for appellees.