**The STATE OF GEORGIA ex rel. Michael J. BOWERS, Attorney General, for the Use and Benefit of the CAMDEN COUNTY SCHOOL DISTRICT, et al., Plaintiffs,**

v.

**DAIRYMEN, INC., et al., Defendants.**

Civ. A. No. 289–153.

United States District Court, S.D. Georgia, Brunswick Division.

Oct. 31, 1991.

Dean Soble Daskal, W. Gordon Hamlin, Jr., Frank Love, Jr., Powell, Goldstein, Frazer & Murphy, George Pinckney Shingler, Atlanta, GA, for plaintiffs.

D. Paul Alagia, Jr., Joseph M. Day, John L. Smith, Patrick H. Molloy, Ronald F. Gaffney, John J. McLaughlin, Alagia, Day, Marshall, Mintmire & Chauvin, Louisville, KY, William A. Carey, Washington, DC, A.

Keith Logue, Weinstein, Rosenthal, Tobin & Caldwell, P.C., Atlanta, GA, for Dairymen, Inc., Flavo–O–Rich, Inc. and W. Monroe Dempsey.

Susan A. Cahoon, Kilpatrick & Cody, A. Stephens Clay, Frederick H. Von Unwerth, Matthew J. Mitten, Atlanta, GA, for Associated Dairy Farmers, Inc.

Virginia L. Looney, Bondurant, Mixson & Elmore, Atlanta, GA, Richard A. Brown, Jr., J. Thomas Whelchel, Dickey, Whelchel, Brown & Readdick, Brunswick, GA, Emmet J. Bondurant, Edward B. Krugman, George C. Fryhofer, III, Atlanta, GA, for Atlanta Dairies, Inc. and Land–O–Sun Dairies, Inc.

Carey P. DeDeyn, Patricia B. Cunningham, Sutherland, Asbill & Brennan, Atlanta, GA, James B. Franklin, Franklin, Taulbee, Rushing & Bunce, Statesboro, GA, for Pet Inc.

Frank H. Jones, Rome, GA, James S. Hutto, Brunswick, GA, for Dempsey Brothers Dairies, Inc., Jerry Dempsey, William Dempsey.

Frank G. Smith, III, Michael A. Doyle, H. Stephen Harris, Todd R. David, David P. Cohen, Alston & Bird, Atlanta, GA, John J. Ossick, Jr., Kingsland, GA, for Borden, Inc., Meadow Gold Dairies, Inc.

William Theodore Moore, Jr., Savannah, GA, Allen I. Hirsch, William H. Kitchens, Debra G. Buster, Atlanta, GA, Robert L. Clement, Jr., Charleston, SC, for Coburg Dairy, Inc.

John C. Jones, Atlanta, GA, for Terry Sosebee.

### ORDER

ALAIMO, District Judge.

The State of Georgia *ex rel.* Michael J. Bowers, Attorney General, for the use and benefit of Camden County School District, et al., (the "State") brought this action against several dairies. Defendant Borden, Inc., and its subsidiary defendant Meadow Gold Dairies, Inc., (collectively "Borden") move to dismiss Counts II and III of the second amended complaint. *See* Fed.R.Civ.P. 12(b)(6); Fed.R.Civ.P. 9(b). Borden moves, in the alternative, for a more definite statement. *See* Fed.R.Civ.P. 12(e). For the reasons discussed below, Borden's motions will be denied. The Court will, however, strike certain portions of the second amended complaint. *See* Fed.R.Civ.P. 12(f).

### FACTS

The State brought this case against several dairy companies, including Borden, for antitrust violations. Borden allegedly engaged in a conspiracy to restrain trade in the sale of milk to Georgia school districts in violation of the Sherman Act, 15 U.S.C. § 1. The alleged anticompetitive activities include an elaborate bid-rigging scheme. This scheme allegedly injured Georgia school districts by causing them to pay anticompetitive prices for milk purchased from Borden.

On February 6, 1991, the State filed its second amended complaint (the "Complaint"). The Complaint[1] added two additional counts against several of the defendants, including Borden. Count II alleges violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. ("Federal RICO"). Count III alleges violations of Georgia's Racketeer Influenced and Corrupt Organizations Act, O.C.G.A. § 16–14–1 et seq. ("Georgia RICO"). Borden's motions attack the adequacy of the Complaint claiming that it fails to plead Federal and Georgia RICO violations with specificity, as required by Rule 9(b).

### DISCUSSION

I. *Federal Pleading Standards*

██ The Federal Rules of Civil Procedure generally do not require detailed pleading; they adopt the concept of "notice pleading." For this reason, Rule 12(b)(6) motions to dismiss are typically denied. *See, e.g., Quinonez v. Nat'l Assoc. of Sec. Dealers,* 540 F.2d 824 (5th Cir.1976). In

---

1. The Complaint incorporates by reference the State's RICO Statement and Local Rule 8.6 Answers to Interrogatories.

the case of fraud, however, Rule 9(b) requires that the "circumstances constituting fraud" be "stated with particularity." Rule 9(b)'s heightened pleading standard applies to RICO claims. *Durham v. Business Management Associates*, 847 F.2d 1505, 1511 (11th Cir.1988).

In *Durham*, the Eleventh Circuit discussed the Rule 9(b) particularity requirement in the context of Federal RICO. The court noted that Rule 9(b)'s particularity requirement serves the purpose of informing defendants of the specific fraudulent conduct alleged and protecting them from groundless allegations of fraudulent behavior. *Id.* at 1511. The court also cautioned, however, that application of Rule 9(b) "must not abrogate the concept of notice pleading." *Id.* at 1511.

## II. *Count II—Federal RICO*

The State's Complaint alleges a private Federal RICO cause of action under 18 U.S.C. § 1964(c). Section 1964(c) creates civil remedies for "[a]ny person injured in his business or property by reason of a violation of section 1962." Section 1962 prohibits four alternative activities: Section 1962(a), (b), (c), or (d). Each of these subsections requires a pattern of racketeering activity (predicate acts). *Durham*, at 1511. In summary, a Section 1964(c) action requires the following: (1) a violation of either Section 1964(a), (b), (c), or (d), and (2) injury by reason of that violation (causation).

In the present action, the State alleges injury by reason of violations of Section 1962(a), (c), and (d), and relies on the predicate act of mail fraud, 18 U.S.C. § 1341. Borden contends that the State's Complaint is deficient in the following respects. First, it fails to allege adequately the predicate act of mail fraud. Second, it fails to allege adequately that the mail fraud allegation proximately caused the school districts' injury. Third, it fails to allege injury by reason of a violation of Section 1962(a), "investment injury." Fourth, it fails to allege adequately a violation of Section 1962(d)'s agreement requirement. The

Court will address Borden's contentions *seriatim*.

### A. Mail Fraud Predicate

██ Using the postal system for the purpose of executing a scheme to defraud constitutes mail fraud. 18 U.S.C. § 1341. The Complaint in this action alleges in detail that Borden engaged in a scheme to defraud the Georgia school districts. The Complaint further alleges that Borden used the postal system in furtherance of that scheme. Specifically, the Complaint alleges that Borden mailed monthly invoices to school districts reflecting overcharges obtained through bid rigging and that the school districts mailed payments on these invoices to Borden.

These allegations sufficiently put Borden on notice of the particular fraudulent activity with which it is charged. *See Durham*, at 1511–12 & nn. 11–12. To require more detail, such as detailed allegations of specific invoices sent to specific school districts, would be inimical to the concept of notice pleading. *See id.* at 1511. This is particularly true in complex litigation such as this case which involves a large number of school districts and dairy companies, and voluminous mailings over an extended time period. *See Wabash Valley Power Ass'n v. Public Service Co.*, 678 F.Supp. 757, 762 (S.D.Ind.1988). Thus, the Complaint's allegations of the predicate act of mail fraud comply with Rule 9(b)'s special pleading requirements.

### B. Proximate Cause

██ When a private plaintiff relies on mail fraud as a predicate act, he must show not only that the mail fraud statute has been violated; but, also, that the violation proximately caused his injury. *Pelletier v. Zweifel*, 921 F.2d 1465, 1499 (11th Cir. 1991). The *Pelletier* court described the proximate cause test as follows:

> when the alleged predicate act is mail [fraud], the plaintiff must have been a target of the scheme to defraud and must have relied to his detriment on mis-

representations made in furtherance of that scheme. *Id.*, at 1499–1500.

The Court need not discuss at length Borden's argument that the Complaint fails to adequately allege proximate cause. As discussed above, the Complaint adequately alleges mail fraud violations. The Complaint describes in detail how the bid-rigging scheme, and its use of the mails, directly caused injury to the school districts when they paid overcharges on invoices sent through the mail. These allegations sufficiently meet the *Pelletier* test, particularly in light of *Durham.*

### C. Section 1964(c)/1962(a) Investment Injury Requirement

As discussed above, Section 1964(c) grants a private cause of action to "any person injured in his business or property *by reason of* a violation of section 1962." (emphasis added) Section 1962(a) prohibits investment of income in an enterprise, which income was derived from a pattern of racketeering activity. Thus, Section 1962(a) has two components: (1) receiving income from a pattern of racketeering activity, and (2) investing that income in an enterprise. The Complaint adequately alleges that Borden received income from a pattern of racketeering and invested that income in an enterprise, its business, in violation of Section 1962(a). The Complaint purports to satisfy Section 1964(c) by further alleging injury by reason of Borden's receipt of income derived from racketeering. However, the Complaint does not allege injury by reason of Borden's investment of that income in an enterprise ("investment injury").

■ At issue is whether a Section 1964(c) action requires an allegation of investment injury. Borden argues that the State's failure to allege investment injury is fatal to its Section 1964(c) action based upon Section 1962(a). The State argues that investment injury is not a requirement.

Although the Eleventh Circuit has not addressed the investment injury issue, the State's position has been rejected by a majority of the Circuits that have. The analysis is straightforward. A private cause of action under Section 1964(c) requires injury by reason of a violation of Section 1962(a). In order to violate Section 1962(a), one must invest racketeering income. Thus, the plain language of Federal RICO shows that injury by reason of investment of racketeering income—investment injury—is required. *See, e.g., Ouaknine v. MacFarlane,* 897 F.2d 75, 82–83 (2d Cir. 1990); *Grider v. Texas Oil & Gas Corp.,* 868 F.2d 1147, 1149–51 (10th Cir.), *cert. denied,* 493 U.S. 820, 110 S.Ct. 76, 107 L.Ed.2d 43 (1989). The only published appellate decision holding otherwise is *Busby v. Crown Supply, Inc.,* 896 F.2d 833, 837–38 (4th Cir.1990). The Court will follow the majority position exemplified by *Ouaknine,* and require investment injury.

The State has failed to allege investment injury; thus, the Complaint fails to state a Section 1964(c)/1962(a) cause of action. Since this deficiency is only a portion of Count II and does not warrant dismissal of the entire Count, the Court will order stricken from the Complaint the Section 1964(c) allegation that relies on a violation of Section 1962(a). *See* Fed.R.Civ.P. 12(f).

### D. Section 1962(d) Agreement Requirement

■ Section 1962(d) makes it unlawful "to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." The State alleges that Borden engaged in a conspiracy to violate Sections 1962(a) and 1962(c). Borden contends that the Complaint fails to allege adequately an agreement.

The minimum required to allege an agreement violating Federal RICO is an agreement to commit the predicate acts. *Hecht v. Commerce Clearing House, Inc.,* 897 F.2d 21, 25 (2d Cir.1990). In the present action, the State alleges with specificity an agreement to rig bids in violation of antitrust laws. The State further alleges use of the postal system to further this scheme as the basis for its mail fraud allegation. Thus, the Complaint alleges an agreement to commit the fraudulent scheme underlying the mail fraud predicate

act. The fact that the Complaint does not allege a specific agreement to use the mails is of no consequence since an agreement to use the mails may be inferred. To require more particularized pleading of an agreement would run contrary to *Durham.* Thus, the Complaint adequately alleges a violation of Section 1962(d), supporting the State's Section 1964(c) action.

### III. *Count III—Georgia RICO*

The State's Complaint also alleges a violation of Georgia RICO, O.C.G.A. § 16–14–4(a). Georgia RICO's similarity to Federal RICO has prompted federal courts to apply the same analysis to both statutes. *See, e.g., Morast v. Lance,* 631 F.Supp. 474, 481 (N.D.Ga.1986), *aff'd,* 807 F.2d 926 (11th Cir.1987). For this reason, the Court's analysis is limited to aspects of Georgia RICO which may differ from Federal RICO.

### A. Mail Fraud as a Predicate for Georgia RICO

■ The State's Complaint relies in part on the federal crime of mail fraud as a predicate act to the alleged Georgia RICO violation. Borden argues that mail fraud is not a predicate act under Georgia RICO.

The disagreement over whether mail fraud is a predicate has its origin in Georgia RICO's statutory language. Section 16–14–3 states:

(9)(A) "Racketeering activity" means to commit ... any crime which is chargeable by indictment under the following laws of this state:

. . . . .

(xxix) Any conduct defined as "racketeering activity" under 18 U.S.C. 1961(1)(A), (B), (C), and (D) ...

Borden argues that O.C.G.A. § 16–14–3(9)(A) limits predicate acts to crimes indictable under Georgia law, and that mail fraud is not indictable under Georgia law. *See J.G. Williams, Inc. v. Regency Properties, Ltd.,* 672 F.Supp. 1436, 1443 (N.D.Ga. 1987). The State responds that O.C.G.A. § 16–14–3(9)(A)(xxix) specifically includes mail fraud as a predicate act since mail fraud is "racketeering activity" under 18 U.S.C. § 1961(1)(B). *See State v. Shearson Lehman Bros.,* 188 Ga.App. 120, 121–22, 372 S.E.2d 276 (1988).

■ The Court agrees with the State's position for two reasons. First, it is a recognized principle of statutory construction that specific statutory language controls general statutory language. Thus, the portion of the statute specifically including racketeering activity as defined in Federal RICO, subsection (9)(A)(xxix), controls. Second, even if the Court did agree with Borden, it is bound by the Georgia Court of Appeals' interpretation in *Shearson Lehman Bros.,* stating that mail fraud is a predicate offense under Georgia RICO since this is a matter of state law.

### B. Theft by Deception Predicate

■ The State's Complaint also alleges the predicate act of "theft by deception," O.C.G.A. § 16–8–3. This statute prohibits obtaining "property by any deceitful means or artful practice with the intention of depriving the owner of the property." The Complaint describes in detail a scheme of fraudulent bid rigging and alleges that this activity constitutes theft by deception. Borden argues that the Complaint lacks particular allegations, such as the number of times the theft by deception occurred. Borden's argument mirrors its contention regarding the specificity required for pleading mail fraud and is likewise rejected. *See Durham, supra.* The broad language of O.C.G.A. § 16–8–3 encompasses the alleged bid-rigging scheme and these allegations are sufficiently detailed. Thus, the State has adequately alleged the predicate act of theft by deception.

### C. Investment Injury under Georgia RICO

■ The State's civil Georgia RICO action is based on an alleged violation of O.C.G.A. § 16–14–4(a), which states:

(a) It is unlawful for any person, through a pattern of racketeering activity or proceeds derived therefrom, to acquire or maintain, directly or indirectly, any interest in or control of any enter-

prise, real property, or personal property of any nature, including money.

The State claims that Borden violated this section by acquiring money through a pattern of racketeering activity. Borden argues that O.C.G.A. § 16–14–4(a) is the Georgia "analogue" to Federal RICO Section 1962(a). Consequently, Borden contends that Count III should be dismissed for failure to allege investment injury.

 Borden's argument is unpersuasive, however, since O.C.G.A. § 16–14–4(a) differs materially from Federal RICO Section 1962(a). Specifically, unlike its federal counterpart, O.C.G.A. § 16–14–4(a) does not require the investment of racketeering income in an enterprise. A private action exists under Georgia RICO for a person injured by reason of another's merely *acquiring* money through a pattern of racketeering. The statute does not require investment of that income in an enterprise. Just as the plain language of Federal RICO Sections 1962(a) and 1964(c) require investment injury, the plain language of O.C.G.A. § 16–14–4(a) does not. Thus, the State has adequately alleged a private cause of action for a violation of O.C.G.A. § 16–14–4(a).

## CONCLUSION

For the foregoing reasons, defendants Borden, Inc., and Meadow Gold Dairies, Inc.'s, motion to dismiss and alternative motion for a more definite statement are hereby DENIED. The Clerk of Court shall enter an appropriate judgment as follows: (1) denying the motion of defendants Borden, Inc., and Meadow Gold Dairies, Inc., to dismiss Counts II and III of the second amended complaint, (2) denying the motion of defendants Borden, Inc., and Meadow Gold Dairies, Inc., for a more definite statement of the predicate acts, and (3) striking from the second amended complaint the 18 U.S.C. § 1964(c) allegation that relies on a violation of 18 U.S.C. § 1962(a).

SO ORDERED.