**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 11, 2014**

# In the Court of Appeals of Georgia

A14A0047. ALI v. STATE OF GEORGIA
A14A0048. BECTOR v. STATE OF GEORGIA.
A14A0070. PAUL v. STATE OF GEORGIA.
A14A0410. SINGH v. STATE OF GEORGIA.

BARNES, Presiding Judge.

These related appeals arise from a lengthy federal undercover operation involving the trafficking of untaxed cigarettes which culminated in a final transaction during which large sums of currency were seized. The State of Georgia, acting through the Hall County District Attorney, brought four civil in rem forfeiture actions under OCGA § 16-14-7 of the Georgia Racketeer Influenced and Corrupt Organizations Act (RICO Act) against certain sums of currency and a named defendant or defendants. Each complaint alleged that the named defendant was involved in a pattern of trafficking untaxed cigarettes and committed multiple overt acts of exchanging currency for untaxed cigarettes, and that on October 19, 2011, the

defendant brought the currency that was the subject of the forfeiture complaint to a warehouse for the purpose of buying untaxed cigarettes and cigars.[1]

The appellants filed pleas in bar and motions to dismiss the forfeiture complaints, arguing that the complaints were not actually civil proceedings against the money but were criminal proceedings against the appellants personally that were barred by previous criminal prosecutions arising from the same transactions.[2] The trial court denied the motions, and this court granted the appellants' applications for interlocutory review. The appellants argue on appeal that the State failed to show that the subject currency itself was involved in at least two predicate acts of racketeering and thus could not demonstrate that the currency was involved in a pattern of racketeering activity, as required by OCGA § 16-14-7. For the reasons that follow, we affirm.

---

[1] The appellants are Karim Ali, Rishi Bector, Wilson Paul, and Balbir Singh, and the complaints sought $178,700, $226,238, $199,790, and $201,900, respectively.

[2] All of the appellants entered guilty pleas after being indicted under various racketeering charges.

In its virtually identical forfeiture complaints, the State alleged that the currency was subject to forfeiture because it was possessed by the appellants and intended to be used to

> purchase and possess untaxed and counterfeit-stamped cigarettes in violation of 18 U. S. C. A. § 2342 of the CONTRABAND CIGARETTE TRAFFICKING ACT, 18 U. S. C. §§ 2341-46, and 18 U. S. C. § 2315, SALE OR RECEIPT OF FRAUDULENT STATE TAX STAMPS, constituting racketeering activity.

Each complaint alleged a pattern of racketeering activity involving the illegal enterprise of trafficking in contraband cigarettes and possessing cigarettes with counterfeit tax stamps to avoid paying state excise taxes, and then described multiple overt acts at particular locations on particular dates, during which the appellants exchanged large sums of U. S. currency in exchange for cartons of untaxed cigarettes.

OCGA § 16-14-7 (c) provides that "[a] RICO forfeiture proceeding shall be an in rem proceeding against the property." In their pleas in bar and motions to dismiss, the appellants argued that the State must show that the property was used or intended to be used in a pattern of racketeering activity, and the forfeiture complaints at issue in this case improperly focused on the conduct of the appellants rather than the property. They further maintained that the action was for all practical purposes a

criminal in personam forfeiture, rather than an in rem forfeiture. Thus, the appellants argued, they were faced with a second prosecution for the same conduct for which they had already been prosecuted criminally, in violation of constitutional and statutory prohibitions against double jeopardy as held in *Cisco v. State of Georgia*, 285 Ga. 656, 661 (1) (680 SE2d 831) (2009).[3]

In denying the appellants' motions, the trial court found that the actions were civil in rem rather than criminal in personam forfeiture actions and that the focus of the actions was not on the appellants' culpability but on the seized currency's guilt. In seeking to show that the seized currency was being "used or intended for use in the course of, derived from, or realized through a pattern of racketeering activity," the State had to prove predicate acts that happened to involve the appellants, but the focus was not on the appellants' culpability, the court held.

---

[3]In *Cisco*, the Supreme Court of Georgia held that the in personam RICO forfeiture provision of OCGA § 16-14-7 (m) was unconstitutional "because it deprive[d] in personam forfeiture defendants of the safeguards of criminal procedure guaranteed by the United States and Georgia Constitutions." Id. at 658. However, in the context of an in rem RICO forfeiture action, where the property itself is the named defendant, the focus is on whether the property "was used or intended for use in the course of, derived from, or realized through a pattern of racketeering activity," OCGA § 16-14-7 (a), and the State can pursue such an action "without regard to the guilt or innocence of the property owner." Id. at 661 (1).

4

In response to the appellants' argument that the State could not show that the seized currency was intended for use in a pattern of racketeering activity under OCGA § 16-14-7, the Court found that the bills actually seized were not the identical bills used in prior alleged predicate acts, but noted that currency is fungible.

> As the Court does not believe that OCGA § 16-14-7 requires the State to show that the bills seized were the exact bills used in previous alleged acts, the Court finds that it is sufficient for the State to allege that the same type of fungible property was used in a pattern racketeering activity as was seized. . . . The Court finds that the State has alleged at least two predicate acts in a series of transactions involving the same or similar intents and methods over the course of a number of months, meeting the "pattern of racketeering activity" requirement of OCGA § 16-14-7.

"The appellate standard of review of a grant or denial of a double jeopardy plea in bar is whether, after reviewing the trial court's oral and written rulings as a whole, the trial court's findings support its conclusion." (Punctuation and footnote omitted.) *Johns v. State*, 319 Ga. App. 718, 719 (738 SE2d 304) (2013). On appeal, the appellants maintain that the forfeiture complaint failed to allege that the currency subject to the in rem forfeiture was involved in at least two distinct predicate acts and

5

thus the currency was not involved with a pattern of racketeering activity or subject to a civil RICO in rem forfeiture per OCGA § 16-4-7. We do not agree.

Under Georgia's RICO Act,"[i]t is unlawful for any person, through a pattern of racketeering activity or proceeds derived therefrom, to acquire or maintain, directly or indirectly, any interest in or control of any enterprise, real property, or personal property of any nature, including money." OCGA § 16-14-4 (a). Moreover, "[a]ll property of every kind used or intended for use in the course of, derived from, or realized through a pattern of racketeering activity is subject to forfeiture to the [S]tate." OCGA § 16-14-7 (a). A "pattern of racketeering activity" means engaging in at least two predicate acts of racketeering activity. See OCGA § 16-14-3 (8) (A);[4] *Aon Risk Svcs. &c. v. Commercial & Military Sys. Co.*, 270 Ga. App. 510, 516 (5) (b)

_____

[4](8) "Pattern of racketeering activity" means:
(A) Engaging in at least two acts of racketeering activity in furtherance of one or more incidents, schemes, or transactions that have the same or similar intents, results, accomplices, victims, or methods of commission or otherwise are interrelated by distinguishing characteristics and are not isolated incidents, provided at least one of such acts occurred after July 1, 1980, and that the last of such acts occurred within four years, excluding any periods of imprisonment, after the commission of a prior act of racketeering activity.

(607 SE2d 157) (2004). In the context of an in rem RICO forfeiture action, where the property itself is the named defendant, the focus is on whether the property "was used or intended for use in the course of, derived from, or realized through a pattern of racketeering activity,"and the State can pursue such an action "without regard to the guilt or innocence of the property owner." *Cisco*, 285 Ga. at 661 (1).

The appellants argue that the currency itself must be "guilty" of the RICO offense, and that construing OCGA § 16-14-7 (a) and OCGA § 16-14-3 (8) (A) together, the State had to allege and prove that the currency subject to forfeiture was "used in the course of engaging in at least two (2) acts of racketeering activity." Here, the State did not even allege that the subject currency was involved in more than one act of racketeering activity, which was the October 19, 2011, transaction during which it was confiscated.

As noted earlier, the Georgia RICO Act provides that the "pattern of racketeering activity" means engaging in at least two incidents of racketeering activity. OCGA § 16-14-3 (8) (A). And further, "racketeering activity" is defined to mean the commission of a crime in any of a specified categories of offenses, including "[a]ny conduct defined as "racketeering activity" under [18 USCS §§ 2431-2346 (relating to trafficking in contraband cigarettes)]." OCGA § 16-14-3 (9)

(A) (xxix). These categories of offenses are also known as the predicate offenses. See *Caldwell v. State*, 253 Ga. 400, 402 (1) (321 SE2d 704) (1984) (identifying the elements of a civil RICO forfeiture proceeding.) Contrary to the appellants' contention, the Georgia RICO Act contemplates the performance of two or more predicate offenses to establish a pattern of racketeering, rather than requiring that the object of the forfeiture committed two or more predicate offenses. See *Aon Risk Svcs.*, 270 Ga. App. at 516 (5) (b) (theft claims did not show two predicate acts to support a pattern of racketeering activity.)

In this case, the appellants were alleged to have committed federal RICO crimes relating to trafficking in contraband cigarettes, an allegation that is set forth under the list of predicate offenses in OCGA § 16-14-3 (9) (A) (xxix) and conduct that is defined as "racketeering activity" by OCGA § 16-14-4 (A). Additionally, these offenses are alleged to have occurred at least twice in that appellants committed the predicate offenses — trafficking in contraband cigarettes — multiple times.

While the forfeiture complaints alleged that the appellants committed numerous criminal transactions involving contraband cigarettes, a civil in rem forfeiture depends "not upon a property owner's culpability but, instead, upon the property's being connected to some criminal act." *Cisco,* 285 Ga. at 663 (1). And for RICO

purposes, the "pattern of racketeering activity" means engaging in at least two incidents of racketeering activity. OCGA § 16-14-3 (8) (A). Moreover, in an in rem proceeding, unlike an in personam proceeding, the property itself can be seized merely because it has been used by someone, not necessarily just the owner, in connection with a criminal enterprise. OCGA §§ 16-14-7 (a), (c).

Despite the appellants' contention otherwise,

Any "punishment" in [this] forfeiture proceeding is against the property, not the owner as a criminal defendant. It in no way equates to a criminal prosecution or to punishment for a criminal offense by the defendant or owner of the property forfeited, and the fact that the [appellants] feel[] [they are] being punished by a civil forfeiture does not render the civil forfeiture a proceeding putting [them] in jeopardy.

(Citation and punctuation omitted.) *Rojas v. State*, 226 Ga. App. 688, 689-690 (487 SE2d 455) (1997).

In these cases, the trial court was authorized to conclude that the RICO forfeiture actions were not criminal in personam actions and therefore did not violate any constitutional or statutory provisions prohibiting double jeopardy.

*Judgment affirmed. Boggs and Branch, JJ., concur.*

9